Banco Metropolitano de Bayamón, demandante y peticionario, *v.* Luis Ramón Berríos Marcano, t/c/p Luis R. Berríos (no emplazado); y Carmen Providencia Rodríguez, ambos por sí y por su Sociedad de Gananciales, demandados y recurridos.

Número: O-80-593 Resuelto: 23 de febrero de 1981

*Calixto Ruiz-Sierra,* abogado del peticionario; *Maricarmen Ramos de Szendrey,* abogada del recurrido.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

El Banco recurrente instó acción civil en cobro de dinero y ejecución de prenda e hipoteca contra Luis Ramón Berríos y su esposa, la recurrida Carmen Providencia Rodríguez. Expedido el emplazamiento el 7 junio, 1979, transcurrió el término original de la Regla 4.3(b) sin diligencia, y el 26 diciembre solicitó el demandante prórroga de 30 días que le fue concedida el 2 enero, 1980 y emplazada dicha codemandada el 8 enero, 1980. Ella formuló moción para desestimar el pleito sobre la premisa de que solicitada la prórroga fuera de término, la desestimación de la demanda es compulsoria y automática, sin alternativa alguna fundada en discreción del tribunal. La sala de instancia denegó la moción, pero reconsideró con grandes reservas seis meses después (el 23 septiembre, 1980) expresando que "nos hemos convencido, *contra nuestra noción de lo justo,* de que nuestra resolución convalidatoria del emplazamiento diligenciado cuando había transcurrido un plazo mayor de seis meses estaba equivocada y que debemos dejarla sin lugar".

Recurrió el Banco en *certiorari,* y el 21 noviembre, 1980 expedimos orden para mostrar causa por la que no deba en consecuencia final reinstalarse la primera decisión de instancia, que deniega la desestimación. Ha comparecido la deman-

dada-recurrida en extenso alegato, abarcador en su análisis de esta situación procesal, sin mencionar la disposición general sobre prórroga o reducción de términos contenida en la Regla 68.2 de Procedimiento Civil, 1979.

Las Reglas que nos conciernen son:

*Regla 4.3(b)*. El emplazamiento será diligenciado en el término de seis (6) meses de haber sido expedido. Dicho término solo podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida, con perjuicio.

*Regla 68.2. Prórroga o reducción de términos*

Cuando por estas reglas o por una notificación dada en virtud de sus disposiciones, o por una orden del tribunal se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción, (1) previa moción o notificación o sin ellas, ordenar que se prorrogue o acorte el término si así se solicitare antes de expirar el término originalmente prescrito o según prorrogado por orden anterior; o (2) a virtud de moción presentada después de haber expirado el plazo especificado, permitir que el acto se realice si la omisión se debió a negligencia excusable; pero no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas 43.3, 44.1, 47, 48.2, 48.4, 49.2, 53.1, 53.2, 53.3 y 53.7, salvo lo dispuesto en las mismas bajo las condiciones en ellas prescritas.

■ Tanto el texto de una como de la otra regla transcritas dejan sentado con gran claridad la ingerencia decisiva de la discreción judicial en la prórroga del término para diligenciar el emplazamiento, discreción para determinar, en el momento procesal en que se suscite la cuestión, si medió *justa causa* o *negligencia excusable* en la omisión combatida.

■ En ausencia de alegación por la recurrida de que hubo arbitrariedad o abuso de discreción del juez al validar el emplazamiento diligenciado fuera del término original

reglado, hemos de presumir su primera actuación bien fundada en justa causa, aun sin su explícita declaración de que decretaba el archivo de la demanda por desistimiento "mandatorio", contra su noción de lo justo.

La Regla 4.3 (b) es un desarrollo paralelo de la 39.2 (b) ([1]) sobre desestimación del pleito por inactividad, y ambas tienen el mismo propósito de acelerar la litigación y despejar los calendarios, operando la primera en la temprana etapa del pleito. Sufriría el justo equilibrio procesal, de negar a la parte que no pudo diligenciar el emplazamiento en el término original de seis meses, la oportunidad de ser oído e invocar la discreción del juez con demostración de justa causa que la Regla 39.2 ordena para los casos en que no hubiere trámite durante los últimos seis meses.

El mecanismo provisto en la Regla 4.3 (b) para que transcurrido el término original o su prórroga sin que el emplazamiento hubiese sido diligenciado se tenga a la parte actora por desistida con perjuicio, tiene naturaleza esencial de recurso del tribunal "[c]on el propósito de acelerar la tramitación de los pleitos y de que las partes ejerzan la debida diligencia", ([2]) más que de defensa del demandado, quien, no obstante, podrá promoverla señalando oportunamente al tribunal la expiración del término, como puede hacerlo el Secretario a los fines de orden originada por el tribunal como en el caso de la Regla 39.2 (b).

 La determinación por el tribunal de justa causa para prorrogar el término del emplazamiento, en ausencia de abuso de discreción, debe deducirse de su negativa a imponer

---

([1]) *Regla 39.2(b)*—"El juez administrador ordenará la desestimación y archivo de todos los asuntos civiles pendientes en los cuales no se hubiere efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no serán consideradas como un trámite a los fines de esta regla."

([2]) Comentarios del Secretariado de la Conferencia Judicial, 32 L.P.R.A. Ap. III, Regla 4.3.

la sanción de desistimiento con perjuicio. El más poderoso instrumento para hacer justicia reservado a los jueces es la discreción. La equidad nació precisamente de la necesidad de atemperar el rigor de la norma mediante recurso a la conciencia del juzgador. La sanción de desistimiento con perjuicio ordenada en la Regla 4.3(b) para la falta de diligencia del emplazamiento está predicada sobre la discreción del tribunal en la estimación de justa causa. La expiración del término de seis meses no tiene efecto de caducidad de la citación, ni de nulidad, ni mucho menos afecta la jurisdicción del tribunal. Aun aplicando la regla con la mayor severidad, no tendría más fuerza coercitiva que la asociada al cumplimiento estricto, como en el caso de la Regla 53.1(a), que obliga a radicar en el tribunal apelativo copia del escrito de apelación (*Morales* v. *Méndez Más*, 109 D.P.R. 843 (1980)); o el de previa notificación al Estado de la acción civil en daños (*Loperena Irizarry* v. *E.L.A.*, 106 D.P.R. 357 (1977)), preceptos asequibles a la intervención moderadora del arbitrio judicial al estimar la existencia de causa justificada en temprana etapa del procedimiento. Como toda prórroga, ésta debe producirse en circunstancias meritorias que superen el rigor crítico del juez orientado siempre hacia el cumplimiento de los términos, elemento vital de la pronta y justa decisión de los casos. Regla 6.7.

*Con estos antecedentes y fundamentos, se expedirá el auto, y la resolución de 23 septiembre, 1980, que ordenó el archivo del pleito por desistimiento será anulada.*

El Juez Asociado Señor Martín emitió voto disidente al cual se une el Juez Asociado Señor Torres Rigual. El Juez Asociado Señor Negrón García concurrió en el resultado sin opinión.

—O—

Voto disidente del Juez Asociado Señor Martín al cual se une el Juez Asociado Señor Torres Rigual.

San Juan, Puerto Rico, a 23 de febrero de 1981

Aunque concurro con el argumento que sostiene que el juzgador tiene discreción bajo la Regla 68.2 de las de Procedimiento Civil para prorrogar el plazo de seis meses que manda la Regla 4.3 (b) para diligenciar un emplazamiento aun después de haber expirado dicho plazo, tal discreción debe solo ejercitarse cuando la omisión de su cumplimiento se deba a negligencia excusable conforme lo preceptúa la Regla 68.2.

En este caso el banco demandante solicitó que se le prorrogara el término para emplazar, luego de haber expirado el plazo de ley. Alegó como fundamento "que hasta el momento no hemos podido localizar a la parte demandada". El tribunal de instancia dictó una orden "Como Se Pide" a base del fundamento expresado por el demandante en su moción. Al apercibirse la demandada que la prórroga se había concedido fuera de término, acudió al tribunal mediante moción de desestimación en la que solicitaba se aplicara el rigor de la Regla 4.3 (b).

El juez de instancia dejó entonces sin efecto la prórroga concedida y procedió a archivar la demanda, expresando que "nos hemos convencido, contra nuestra noción de lo justo, de que nuestra resolución convalidatoria del emplazamiento diligenciado cuando había transcurrido un plazo mayor de seis meses estaba equivocada y que debemos dejarla sin lugar".

El único asomo de la apreciación que hizo el juez de instancia al decretar el archivo es al efecto de que se encuentra obligado a archivar la demanda por desistimiento mandatorio *"contra [su] noción de lo justo"*. Tal expresión no puede equipararse al requisito de "negligencia excusable" que exige la Regla 68.2, que se relaciona con las circunstancias que motivaron la omisión de cumplir con los requisitos de emplazamiento que impone la Regla 4.3 (b). El juez sólo puede ejercer su discreción ante la demostración de negligencia excusable del demandante. La mera alegación al efecto de que no ha podido localizar a la parte demandada, sin expresar los hechos

que la sostengan, no es suficiente para probar negligencia excusable. De ser ello aceptable, tal alegación se convertiría en una mera formalidad para evadir el cumplimiento estricto de la Regla 4.3(b).

No obstante la amplia discreción que le otorgan las Reglas de Procedimiento a los tribunales para su interpretación a los fines de garantizar "una solución justa, rápida y económica de todo procedimiento" —Regla 1— tal interpretación no debe ser tan elástica que dé margen a que los jueces hagan caso omiso de sus disposiciones por entender que las mismas van dirigidas "contra [su] noción de lo justo". Debe evitarse que la elasticidad en la interpretación anule el propósito de las reglas procesales.

En vista de que reconozco que la interacción de las Reglas 4.3(b) y 68.2 concede discreción al juzgador para permitir el diligenciamiento del emplazamiento, aun después de transcurrido el plazo de seis meses que fija la Regla 4.3(b), si la omisión se debió a negligencia excusable, remitiría la cuestión al tribunal de instancia para que éste considere la alegación del demandante sobre negligencia excusable que requiere la Regla 68.2.