EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Global Gas, Inc.<br><br>Demandante-Recurrido<br><br>Vs.<br><br>Salaam Realty Corp.<br><br>Demandado-Peticionario | Certiorari<br><br>2005 TSPR 42<br><br>163 DPR ____ |

Número del Caso: CC-2004-54

Fecha: 6 de abril de 2005

Tribunal de Apelaciones:

　　　　　　　　Circuito Regional Bayamón

Juez Ponente:

　　　　　　　　Hon. José M. Aponte Jiménez

Abogado del Peticionario:

　　　　　　　　Lcdo. Ángel López Hidalgo

Abogado del Recurrido:

　　　　　　　　Lcdo. Hugo Rodríguez Díaz


Materia: Incumplimiento de Contrato y Daños y Perjuicios


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Global Gas, Inc.

    Demandante-Recurrido

    Vs.                      CC-2004-54      Certiorari

Salaam Realty Corp.

    Demandado-Peticionario

Opinión del Tribunal emitida por el Juez Asociado SEÑOR FUSTER BERLINGERI.

San Juan, Puerto Rico, a 6 de abril de 2005.

Nos toca resolver si el término dispuesto en la Regla 4.3(b) de Procedimiento Civil puede ser prorrogado tácitamente.

I

El 17 de mayo de 2000, Global Gas, Inc. (en adelante Global) instó una demanda sobre incumplimiento de contrato y daños y perjuicios contra Salaam Realty Corp. (en adelante Salaam) en el Tribunal de Primera Instancia, Sala Superior de Bayamón. En esa misma fecha se expidieron los emplazamientos correspondientes.

El 5 de octubre de 2000, más de cuatro meses después de expedidos los emplazamientos, Global

presentó dos mociones en las cuales, respectivamente, anunció una nueva representación legal y solicitó autorización para emplazar a Salaam mediante edictos. Esta solicitud se acompañó con una declaración jurada del emplazador, quien narró las múltiples gestiones que realizó, sin éxito, para tratar de emplazar personalmente a Salaam.

De conformidad con lo solicitado por Global, el 17 de octubre de 2000 el Tribunal de Primera Instancia emitió una orden autorizando que se emplazara a Salaam por edictos. Dicha orden fue notificada el 25 de octubre de 2000, fecha en la cual el edicto correspondiente fue expedido. El 23 de enero de 2001 el edicto fue publicado en el periódico El Nuevo Día. Dentro del plazo de diez (10) días desde la publicación del edicto, Global le envió a Salaam, mediante correo certificado con acuse de recibo y a su última dirección conocida, copia de la demanda, del emplazamiento, del edicto y de la moción mediante la cual anunció la nueva representación legal.

El 27 de febrero de 2001, sin someterse a la jurisdicción del tribunal, Salaam compareció ante éste mediante un escrito titulado "Moción sobre nulidad de emplazamiento y desestimación de la demanda". Argumentó que no había sido emplazada válidamente, toda vez que no se actuó dentro del término reglamentario para ello, a tenor con la Regla 4.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III. En consecuencia, solicitó que se desestimara la demanda con perjuicio. La demandante, Global, se opuso a la desestimación

solicitada. Argumentó que el punto de partida para computar el término para emplazar, cuando se hace por edictos, es desde la fecha en que se autoriza su publicación y no desde la que se expidió el emplazamiento original.

Luego de varios incidentes procesales, el 14 de mayo de 2003 el Tribunal de Primera Instancia dictó una sentencia y desestimó con perjuicio la reclamación referida, al concluir que el emplazamiento se diligenció fuera del término de seis meses dispuesto en la Regla 4.3(b) de Procedimiento Civil, *supra*, sin que se solicitara prórroga para emplazar.

Inconforme con el dictamen referido, Global apeló ante el entonces Tribunal de Circuito de Apelaciones. El 31 de octubre de 2003 dicho foro revocó la decisión del tribunal de instancia. Concluyó que al autorizarse el emplazamiento por edictos, el término para emplazar quedó prorrogado tácitamente, ya que se trataba de nuevos emplazamientos, distintos a los emplazamientos personales que se expidieron automáticamente con la presentación de la demanda. El foro apelativo entendió que aceptar la interpretación del foro de instancia sobre el asunto en cuestión en este caso implicaría que el demandante tendría menos de un mes para emplazar por edicto, lo cual distorsionaría el significado y alcance de las Reglas de Procedimiento Civil. Determinó, además, que el tribunal de instancia había errado al desestimar con perjuicio la demanda, tomando en cuenta que dicha medida es la sanción más grave que puede decretar un tribunal por la dilación en el trámite de una acción, y que en este caso no

se justificaba tan drástica sanción porque no se había demostrado que la parte demandante se hubiera quedado cruzada de brazos o dejara de cumplir las órdenes del tribunal.

De este dictamen recurrió ante nos la demandada mediante una petición de *certiorari* e hizo el siguiente señalamiento de error:

> Erró el Tribunal de Circuito de Apelaciones al revocar al Tribunal de Instancia y crear el concepto de prórroga tácita para emplazar mediante la cual sin que la parte lo solicite ni demuestre causa justificada, se prorroga automáticamente el término establecido en la Regla 4.3(b) por un periodo adicional de seis meses. Erró además el Tribunal de Circuito de Apelaciones al interpretar que el término de seis meses para emplazar establecido en la Regla 4.3 de Procedimiento Civil no aplica de igual forma a un emplazamiento personal y a un emplazamiento mediante edictos.

El 20 de febrero de 2004 expedimos el auto solicitado a fin de revisar la sentencia dictada el 31 de octubre de 2003 por el antiguo Tribunal de Circuito de Apelaciones. El 7 de abril de 2004 la parte demandante y recurrida presentó su escrito de oposición al *certiorari*. Posteriormente, la parte recurrente solicitó mediante moción que se le permitiera someter su petición de *certiorari* sin necesidad de presentar un alegato separado, a lo cual consentimos. Estando en posición de resolver, procedemos a hacerlo.

II

Como se sabe, el emplazamiento es el mecanismo procesal mediante el cual se le notifica a un demandado que hay una reclamación judicial en su contra. Quiñones Román v. Compañía

ABC, res. el 31 de octubre de 2000, 152 D.P.R. ___, 2000 TSPR 160, 2000 JTS 172; First Bank of P.R. v. Inmob. Nac., Inc., 144 D.P.R. 901, 913 (1998). A través del emplazamiento se satisfacen las exigencias del debido proceso de ley, que requiere "que se notifique al demandado toda reclamación en su contra para que tenga la oportunidad de comparecer a juicio, ser oído y presentar prueba a su favor". Id. De esta forma un tribunal adquiere jurisdicción sobre la persona del demandado, quien quedará obligado por el dictamen que se emita eventualmente. Márquez v. Barreto, 143 D.P.R. 137, 142 (1997). Dada la dimensión constitucional del procedimiento de emplazamiento, hemos establecido que sus requisitos deben cumplirse estrictamente y que su inobservancia priva de jurisdicción al tribunal. Datiz Vélez v. Hospital Episcopal San Lucas, res. el 22 de septiembre de 2004, 162 D.P.R. ____, 2004 TSPR 152, 2004 JTS 159, 236; First Bank of P.R., 144 D.P.R. en la pág. 914; Rodríguez v. Nasrallah, 118 D.P.R. 93, 98-99 (1986).

La Regla 4.3(b) de Procedimiento Civil, *supra*, dispone que los emplazamientos serán diligenciados dentro del término de seis meses (6) meses de haber sido expedidos. Dicha Regla le confiere discreción a los tribunales para conceder prórrogas con respecto a dicho término siempre y cuando el demandante muestre justa causa para ello. Transcurrido el término o su prórroga sin que los emplazamientos hayan sido diligenciados, se tendrá a la parte actora por desistida de su reclamación con perjuicio. Regla 4.3(b) de Procedimiento

Civil, *supra*. Sin embargo, hemos resuelto que el término de seis (6) meses para diligenciar los emplazamientos es de cumplimiento estricto, no de carácter jurisdiccional, y que los tribunales tienen discreción para prorrogarlo aun después de que haya vencido. López v. Porrata-Doria, 140 D.P.R. 96, 103 (1996); Banco Metropolitano v. Berríos, 110 D.P.R. 721, 725 (1981).

La concesión de alguna prórroga para diligenciar el emplazamiento dependerá de la sana discreción del tribunal de instancia, que debe determinar, en el momento procesal en que se suscite la cuestión, si existió justa causa o negligencia excusable para no haber emplazado dentro del término prescrito. Banco Metropolitano, 110 D.P.R. en la pág. 725. La discreción, hemos resuelto, es el instrumento más poderoso reservado a los jueces para hacer justicia. Id. Dicha discreción, sin embargo, no opera en el vacío. Lugo v. Municipio de Bayamón, 111 D.P.R. 679, 680 (1981). Debe existir razón bien fundada que mueva la conciencia judicial a conceder el remedio. Recae sobre el demandante la carga de justificar, con relación a los hechos y las circunstancias del caso, la razón para haber dejado transcurrir el término original sin emplazar. First Bank of P.R., 144 D.P.R. en las págs. 914-15; Ortalaza v. F.S.E., 116 D.P.R. 700, 703 (1985).

Sobre el mecanismo provisto en la Regla 4.3(b) de Procedimiento Civil, *supra*, en virtud del cual el tribunal puede considerar la acción desistida con perjuicio cuando no se haya diligenciado el emplazamiento en el término dispuesto

por ésta o en el término de la prórroga, hemos resuelto que dicho mecanismo es un <u>recurso de ese foro para promover la agilización de la tramitación de los pleitos y que las partes sean diligentes, más que una defensa de la parte demandada</u>, quien, no obstante, podrá promoverla señalando oportunamente al tribunal la expiración del término. <u>Banco Metropolitano</u>, 110 D.P.R. en la pág. 724.

La Regla 4.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III, por su parte, establece las circunstancias en que los tribunales podrán autorizar un emplazamiento por edicto. Dicha Regla, en lo pertinente, dispone:

> Cuando la persona a ser emplazada estuviere fuera de Puerto Rico, o estando en Puerto Rico no pudiere ser localizada después de realizadas las diligencias pertinentes, o se ocultare para no ser emplazada, o si fuere una corporación extranjera sin agente residente, y así se comprobare a satisfacción del tribunal mediante declaración jurada, con expresión de dichas diligencias, y apareciere también de dicha declaración, o de la demanda jurada presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden disponiendo que el emplazamiento se haga por un edicto.

Como puede verse, antes de que se autorice la publicación de un edicto, la Regla citada *"requiere que el juez compruebe a su 'satisfacción'* las diligencias efectuadas para lograr el emplazamiento personal por quien en esa etapa ulterior desea emplazar mediante edicto. Esa comprobación se realiza mediante la presentación de una 'declaración jurada . . .' suficiente en derecho". <u>Reyes v. Oriental Fed. Savs.</u>

Bank, 133 D.P.R. 15, 25 (1993) (citas omitidas). En lo que

respecta a las diligencias que deben acreditarse en la

declaración jurada que se someta con la solicitud de

autorización para emplazar por edictos, hemos señalado lo

siguiente:

> La declaración jurada que a ese efecto se preste debe contener hechos específicos demostrativos de esa diligencia y no meras generalidades que no son otra cosa que prueba de referencia. En los casos que hemos estudiado aparecen específicamente las gestiones hechas con expresión de las personas con quiénes se investigó y la dirección de éstas. Hacerlo constar es de incalculable valor para evitar el fraude. Es buena práctica inquirir de las autoridades de la comunidad, la policía, el alcalde, del administrador de correos que son las personas más llamadas a conocer la residencia o el paradero de las personas que viven en la comunidad. Demostrar que se han hecho todas estas diligencias es la única forma en que puede establecérsele satisfactoriamente al juez la imposibilidad de notificar personalmente al demandado.

> El juez de instancia a quien se le presente una moción para que se autorice la citación por edictos debe cerciorarse de que "se han hecho las diligencias necesarias para determinar el paradero del demandado".

Mundo v. Fuster, 87 D.P.R. 363, 371-72 (1963) (citas

omitidas).

En Lanzó Llanos v. Banco de la Vivienda, 133 D.P.R. 507

(1993), contextualizamos las expresiones citadas a la luz de

los avances tecnológicos en el campo de las comunicaciones y

los cambios culturales y demográficos habidos en nuestro país

en las últimas décadas:

> Las diligencias que describimos específicamente en Mundo v. Fuster constituyen meros ejemplos de lo que sería una buena práctica al intentar encontrar al demandado con el propósito

> de notificarle acerca de la acción en su contra . .
> . [y no un] fundamento para la recitación automática
> de alegaciones evidentemente estereotipadas con el
> fin de obtener, sin más, la autorización para
> emplazar mediante edictos, con total abstracción de
> las circunstancias particulares del caso tratado.

Lanzó Llanos, 133 D.P.R. en la pág. 514.

En consecuencia, lo fundamental para que se autorice el emplazamiento por edictos es que en la declaración jurada que acompañe la solicitud correspondiente se aduzcan hechos específicos que demuestren, en las circunstancias particulares del caso en que surja la cuestión, que el demandante ha realizado gestiones potencialmente efectivas para tratar de localizar al demandado y emplazarlo personalmente, y que a pesar de ello ha sido imposible encontrarlo. Id. en las págs. 513-14. Al evaluar la suficiencia de tales diligencias, el tribunal deberá tener en cuenta todos los recursos razonablemente accesibles al demandante para intentar hallar al demandado, y si se ha agotado toda posibilidad razonable disponible al demandante para poder localizarlo. Id. en la pág. 515.

III

En el caso de autos la demanda fue presentada el 17 de mayo de 2000. En esa misma fecha se expidieron los emplazamientos correspondientes. Por consiguiente, el demandante tenía hasta el 13 de noviembre de 2000 para efectuar el diligenciamiento de los emplazamientos. El 16 de agosto de 2000, el emplazador designado por Global acudió al Centro Comercial Levittville para emplazar a Salaam, pero las

oficinas de dicha compañía ya no se encontraban en ese lugar. El 24 de agosto de 2000, se dirigió al Registro de Corporaciones del Departamento de Estado para averiguar quién era el agente residente de Salaam Realty, que es una corporación foránea.[1]

Del registro surgió que el agente residente de Salaam lo era CT Corporation System, ubicada en la Calle Tetuán #206 en el edificio del Banco Popular en el viejo San Juan. Ese mismo día, el emplazador acudió a la dirección indicada, pero la oficina de CT Corporation System no se encontraba allí. El emplazador se comunicó entonces con el administrador del edificio quien le informó que laboraba allí desde 1993 y no conocía de ninguna compañía llamada CT Corporation System o Salaam Realty Corp. Posteriormente, el emplazador acudió al correo y al Cuartel de la Policía localizados en Puerta de Tierra y a la Alcaldía de San Juan, pero no encontró ninguna información sobre las compañías mencionadas.

A causa de lo anterior, el 5 de octubre de 2000, Global solicitó que se le permitiera emplazar a Salaam por edictos. El 17 de octubre de 2000, el tribunal de instancia lo autorizó. El 25 de octubre de 2000, o sea, diecinueve (19) días antes de que venciera el término original para emplazar,

---

[1] La Ley General de Corporaciones de 1995, Ley núm. 144 de 10 de agosto de 1995, 14 L.P.R.A. §§ 2601-3455, requiere que toda corporación admitida a hacer negocios en Puerto Rico mantenga una oficina designada y un agente residente en Puerto Rico. Id. §§ 2682, 3170. Esta exigencia tiene como propósito que "cualquier persona interesada, en cualquier momento, pueda encontrar a esa persona jurídica que es la corporación y adquirir jurisdicción sobre ella". CARLOS E. DÍAZ OLIVO, CORPORACIONES 70 (1999).

se notificó la orden del foro de instancia y se expidió el edicto correspondiente, el cual se publicó el 23 de enero de 2001 en el periódico El Nuevo Día y fue notificado a la última dirección conocida de Salaam el 2 de febrero del mismo año. Posteriormente, Salaam compareció sin someterse a la jurisdicción del tribunal y solicitó la desestimación de la demanda.

Indiscutiblemente, el análisis del trámite procesal de este caso revela que Global actuó diligentemente al tratar de diligenciar los emplazamientos dentro del término de seis (6) meses dispuesto en la Regla 4.3(b) de Procedimiento Civil, *supra*. También dentro de dicho término, Global presentó una moción solicitándole al Tribunal de Primera Instancia que le autorizara a emplazar por edictos a Salaam. En dicha moción, la cual fue declarada "con lugar" por el foro de instancia, el recurrido expuso justa y suficiente causa para ello pues acreditó bajo juramento que a pesar de haber realizado varias gestiones potencialmente efectivas para emplazar personalmente a la demandada-recurrente dentro del término prescrito, esto no fue posible debido a que, entre otras cosas, el agente residente de ésta no se encontraba en la dirección que aparecía en el Registro de Corporaciones del Departamento de Estado. **Dicha justificación para la solicitud de un emplazamiento por edicto también constituía una justificación suficiente para la concesión de una prórroga del término para emplazar.** Teniendo la prueba referida ante sí, unida al hecho de que al momento procesal en que se

suscitó la cuestión que aquí nos concierne, el término original para emplazar estaba por expirar, el foro de instancia tenía la obligación de conceder el remedio que la situación procesal ameritaba, esto es, señalarle un término al demandante para que efectuara el emplazamiento por edicto, aunque no se le hubiera solicitado una prórroga para emplazar expresamente. En estas circunstancias, no erró el foro apelativo al resolver que cuando el tribunal de instancia autorizó el emplazamiento por edicto, el término para emplazar, según establecido en la Regla 4.3(b) de Procedimiento Civil, *supra*, fue prorrogado tácitamente.

Como consecuencia de lo anterior, y en consonancia con la reiterada política judicial de que los casos se ventilen en sus méritos, Datiz Vélez, 2004 JTS en la pág. 238; Sánchez Torres v. Hospital Dr. Pila, res. el 26 de febrero de 2003, 158 D.P.R. ___, 2003 TSPR 25, 2003 JTS 30, 599; Valentín v. Mun. De Añasco, 145 D.P.R. 887, 897 (1998), resulta forzoso concluir que incidió el Tribunal de Primera Instancia al desestimar con perjuicio la reclamación del demandante.

Por los fundamentos antes expuestos, procede que se confirme la determinación del antiguo Tribunal de Circuito de Apelaciones y se devuelva el caso al foro de instancia para que continúen los procedimientos allí de forma consistente con lo aquí resuelto.

Se dictará sentencia de conformidad.

Jaime B. Fuster Berlingeri
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Global Gas, Inc.

    Demandante-Recurrido

 Vs.                           CC-2004-54
Certiorari

Salaam Realty Corp.

    Demandado-Peticionario


SENTENCIA


San Juan, Puerto Rico, a 6 de abril de 2005.


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente, se confirma la determinación del antiguo Tribunal de Circuito de Apelaciones y se devuelve el caso al foro de instancia para que continúen los procedimientos allí de forma consistente con lo aquí resuelto.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López concurre sin opinión escrita.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo