*1168 TEXTO COMPLETO DE LA SENTENCIA
Comparece el codemandado Edwin Olmeda Montalvo para revisar una orden del Tribunal de Primera Instancia que denegó su reconsideración mediante dictamen fundamentado y reiteró que procedía la autorización para emplazar a los demás codemandados por edictos conforme la Regla 4.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III. En la orden recurrida también se denegó su solicitud de desestimación al amparo de los incisos (a) y (b) de la Regla 39.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III.
Sin el beneficio de la comparecencia de la parte recurrida, pero conforme los autos y el derecho aplicable, resolvemos EXPEDIR el certiorari y CONFIRMAR la determinación recurrida. Exponemos.
I
Este pleito comenzó el 4 de mayo de 2007, cuando David Ortiz Ortiz y María del Pilar Mestre Silva demandaron en daños y perjuicios a Edwin Olmeda Montalvo y Jane Doe Lizardi, por sí y en representación de la Sociedad de Gananciales compuesta por ambos, y en representación de su hijo menor de edad Alex Olmeda Lizardi. En la demanda se alegó que para el 6 de mayo de 2006, el menor de edad, Alex Olmeda Lizardi, se encontraba conduciendo un vehículo de motor propiedad de Edwin Olmeda Montalvo cuando impactó en la parte posterior derecha el vehículo que conducía el codemandante Ortiz Ortiz, provocando que este último impactara la barrera de seguridad que divide la Autopista de Diego y se volcara. Los demandantes reclamaron daños físicos, emocionales y económicos en una suma no menor de $63,000.00.
El 28 de mayo de 2007, se diligenció un emplazamiento personal contra Edwin Olmeda Montalvo en su carácter personal, otro como representante de la Sociedad Legal de Gananciales y otro en representación de su hijo menor de edad Alex Olmeda Lizardi. El 21 de agosto de 2007, Edwin Olmeda Montalvo, en su carácter personal, en representación de su hijo menor de edad Alex Olmeda Lizardi y de la Sociedad Legal de Gananciales que compone con su esposa, solicitó la desestimación del caso basada en la insuficiencia de su emplazamiento y por falta de parte indispensable. Sostuvo que cuando le emplazaron no le proveyeron copia de la querella 06-7-299-2366 presentada en la policía y que fue anejada a la demanda, por lo cual el diligenciamiento de su emplazamiento fue insuficiente. Además, que no se había emplazado al menor demandado conforme derecho, toda vez que éste tenía 19 años de edad y debía ser emplazado directamente conforme la Regla 4.4(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, aplicable a los menores de 14 años o más, al igual que se debía notificar a su madre con patria potestad. Además, adujo falta de jurisdicción sobre la Sociedad Legal de Gananciales compuesta por él y su esposa, por razón de que en la demanda se nombró a Jane Doe Lizardi como su cónyuge y él no estaba casado con alguien de dicho nombre, ni la demanda establecía que ese fuese un nombre ficticio por desconocerse el verdadero nombre de ésta. Así las cosas, argumentó falta de parte indispensable, su esposa, por ser la madre con patria potestad del menor y de forma que se pudiera traer al pleito la Sociedad Legal de Gananciales que compone con el demandado.
Los demandantes se opusieron a la desestimación el 11 de octubre de 2007. Indicaron que a Edwin Olmeda Montalvo se le entregó copia de la demanda con sus anejos y del emplazamiento conforme la Regla 4.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Además, que según la Regla 4.4, supra, el no notificar un anejo no hace insuficiente el emplazamiento. También, que no procede la desestimación del pleito en cuanto a la *1169 Sociedad Legal de Gananciales porque el codemandado tiene la capacidad legal para representar la misma y fue emplazado conforme derecho como representante legal de ésta. En cuanto al menor, solicitaron al tribunal que autorizara una enmienda a su emplazamiento para poder cumplir con la Regla 4.4, supra.
El 7 de diciembre de 2007, el Tribunal de Primera Instancia dictó una resolución y orden en la cual denegó la desestimación y ordenó a los demandantes enmendar la demanda a los fines de presentar el verdadero nombre de la esposa del codemandado Olmeda Montalvo, en sustitución de Jane Doe Lizardi, y de la misma manera enmendar el emplazamiento del menor, Alex Olmeda Lizardi, para que fuese emplazado personalmente. La notificación de la orden fue archivada el 17 de enero de 2008. No obstante, este dictamen no fue efectivamente notificado a la parte demandante hasta el 28 de octubre de 2008.
Por otra parte, en una vista celebrada el 17 de abril de 2008, los demandantes no comparecieron por lo que el Tribunal de Primera Instancia dictó una orden de mostrar causa contra su representación legal por razón de su incomparecencia injustificada. Además, expidió orden en contra de la parte demandante para que mostrara causa por la cual no se debía desestimar el caso en vista de su incumplimiento con órdenes del tribunal. La minuta de esta vista fue notificada el 23 de abril de 2008.
Recibida la minuta de la vista y en cumplimiento con lo ordenado, el 1 de mayo de 2008, los demandantes informaron que luego de su oposición a la desestimación presentada el 11 de octubre de 2007, no encontraron ningún otro documento, orden, señalamiento o escrito del tribunal que los compeliera a contestar. Es decir, que ni los demandantes ni su representación legal, fueron notificados de ciertas órdenes o señalamientos del tribunal con posterioridad a su moción del 11 de diciembre de 2007. Entendieron esto se podía deber a que la Secretaría del Tribunal de Instancia hubiese confrontado un problema con las notificaciones de órdenes y señalamientos en cuanto al representante legal de los demandantes. Solicitaron la reproducción de la orden que autorizó enmendar la demanda y la expedición de emplazamientos, comprometiéndose a diligenciarlos antes del próximo señalamiento del 15 de julio de 2008. Mediante orden del 8 de mayo de 2008, notificada el 30 de mayo de 2008, el tribunal dictaminó que discutiría su moción en la vista del 15 de julio de 2008.
A la vista del 15 de julio de 2008, no compareció la representación legal de la parte demandada. El abogado de los demandantes indicó que revisado el expediente del tribunal se percató de que la resolución y orden del 7 de diciembre de 2007, no fue debidamente notificada y en el sobre no constaba su dirección completa. Ante lo informado el tribunal recurrido ordenó a la Secretaría notificar a la dirección correcta que aparece en los autos ya que la dirección que se notificó fue devuelta por insuficiente. Además, dictó orden de mostrar causa contra la representación legal de la parte demandada por incomparecer injustificadamente a la vista, habiendo comparecido a la vista anterior y quedando citada en corte abierta. Señaló vista para el 3 de diciembre de 2008. Por otra parte, el 25 de noviembre de 2008, los demandantes presentaron su demanda enmendada.
Ahora bien, el 3 de diciembre de 2008, Edwin Olmeda Montalvo presentó una moción para mostrar causa y en solicitud de desestimación. Reiteró que procedía la desestimación del caso por falta de jurisdicción sobre la persona y la inacción de la parte demandante en cuanto al trámite del caso. Además, su representante legal se excuso por no asistir a la vista del 15 de julio de 2008, ya que por error involuntario la calendarizó para el 17 de julio de 2008.
En la vista celebrada el 3 de diciembre de 2008, la parte demandada informó que presentó en esa fecha su moción para mostrar causa y de desestimación, y expresó que los demandantes no le estaban notificando sus escritos. De otra parte, los demandantes informaron que a principios de noviembre se les notificó la resolución del tribunal, dictada el 7 de diciembre de 2007, según se había ordenado. Indicaron que luego se enmendó la demanda y están en vías de diligenciar los emplazamientos nuevamente. El tribunal requirió evidencia de cuándo se le notificó dicha resolución so pena de desestimar. Ordenó a la parte demandada presentar por escrito su planteamiento de inactividad. Además, entre otras cosas, concedió a la parte demandante 15 días *1170 improrrogables para emplazar.
El 8 de diciembre de 2008, archivada la notificación el 18 de diciembre de 2008, el tribunal recurrido declaró con lugar la demanda enmendada y concedió 20 días para que se presentaran los emplazamientos diligenciados. Inconforme, el 7 de enero de 2009, Olmeda Montalvo presentó una moción de reconsideración para que se dejara sin efecto el dictamen del 8 de diciembre de 2008, y en solicitud de desestimación.
Por otra parte, el 15 de diciembre de 2008, los demandantes presentaron copia de un sobre cursado por el Tribunal de Primera Instancia, cuyo matasello era del 28 de octubre de 2008, en el cual advirtieron recibir copia del dictamen emitido el 7 de diciembre de 2007. El tribunal se dio por enterado el 13 de enero de 2009, archivada la notificación el 26 de enero de 2009. Además, en esa misma fecha, ordenó a la parte demandante exponer su posición en 10 días sobre la moción de reconsideración y desestimación presentada por Olmeda Montalvo.
El 9 de enero de 2009, Olmeda Montalvo volvió a solicitar la desestimación del caso por alegado incumplimiento de la parte demandante con órdenes del tribunal, inactividad y abandono de su caso, conforme dispone la Regla 39.2 (a) y (b) de Procedimiento Civil, supra. Mediante resolución del 27 de enero de 2009, archivada su notificación el 30 de enero de 2009, el tribunal ordenó a los demandantes exponer su posición dentro de un término de 10 días. Conforme el expediente, los demandantes no se opusieron.
El 13 de abril de 2009, archivada la notificación el 17 de abril de 2009, el tribunal recurrido dictó una resolución y orden sobre el asunto de la desestimación. Reconoció la reconsideración presentada por Olmeda Montalvo, sus solicitudes de desestimación y ciertos incumplimientos de la parte demandante. Determinó que antes de desestimar la demanda con perjuicio, y con la intención de cerciorarse del conocimiento de los clientes, los demandantes, respecto los procesos judiciales del caso, procedía conceder una prórroga de 20 días improrrogables para que éstos se expresaran sobre la desestimación. Así las cosas, denegó la desestimación solicitada por Olmeda Montalvo. Ordenó notificar el dictamen a David Ortiz Ortiz y a su abogado, apercibiéndolos que de no cumplir con lo ordenado se exponían a sanciones económicas y a la desestimación de la demanda con perjuicio.
Por otra parte, el 28 de abril de 2009, los demandantes le solicitaron al Tribunal de Primera Instancia que ordenara el emplazamiento por edicto de Edwin Olmeda Montalvo, Edwin Olmeda Montalvo por sí y en representación de Alex Olmeda Lizardi y de Alex Olmeda Lizardi. Justificaron su solicitud en una declaración jurada del emplazador Carmelo Reyes Díaz quien indicó que cualquier emplazamiento expedido contra esas partes no podría ser diligenciado personalmente ni por correo. Esto fundamentado, en que en la Urbanización Mansiones del Sur Plaza #8 S-D 26 en Toa Baja, hay un control de acceso que no permite la entrada a ninguna persona que el residente no autorice previamente. Que tampoco se permite el acceso cuando se expone que se trata del diligenciamiento de un emplazamiento. Que se había visitado esa dirección en múltiples ocasiones sin poder diligenciar los emplazamientos. Que también se visitó el cuartel de la policía, el correo federal y el Municipio de Toa Baja, pero informaron que desconocían el paradero de los demandados. Por lo anterior, concluyó que esos demandados no podían ser emplazados personalmente.
En esa misma fecha, 28 de abril de 2009, el demandante David Ortiz Ortiz presentó una moción en cumplimiento de orden en respuesta a la resolución dictada el 13 de abril de 2009. En síntesis, indicó que el caso tuvo múltiples complicaciones procesales que dilataron los trabajos del tribunal en su adjudicación y que no son atribuibles al demandante. Sostuvo que los emplazamientos enmendados les fueron remitidos para diciembre de 2008 y que han enfrentado inconvenientes en localizar al demandado Edwin Olmeda Nazario, según surge de la declaración jurada del emplazador. Añadió que durante la prórroga que concedió el tribunal para diligenciar la demanda enmendada y los emplazamientos han tratado infructuosamente de conseguir a Edwin Olmeda Nazario. Por tanto, suplicaron se diera por cumplida la orden del 13 de abril de 2009, y se *1171 ordenara el emplazamiento por edicto solicitado.
En la vista del 4 de mayo de 2009, el tribunal le concedió 15 días a la parte demandada para que se expresara sobre la moción solicitando emplazamientos por edicto. Además, le impuso una sanción de $100.00 al abogado de la parte demandante por su incumplimiento con las órdenes del tribunal.
No obstante, el 19 de mayo de 2009, sin la posición de la parte demandada, el tribunal ordenó los emplazamientos por edictos solicitados y el envío por correo certificado con acuse de recibo de una copia del emplazamiento y de la demanda enmendada. Esta orden fue notificada el 27 de mayo de 2009.
Inconforme, el 11 de junio de 2009, Edwin Olmeda Montalvo presentó una oposición a la moción solicitando emplazamientos por edicto y solicitud de reconsideración y desestimación. Argumentó que procedía la reconsideración de la orden dictada el 19 de mayo de 2009, y la desestimación de la demanda por falta de jurisdicción sobre los demandados, Alex Olmeda Lizardi y Jane Doe Lizardi, y por incumplimiento con las órdenes judiciales y las Reglas de Procedimiento Civil.
Por otra parte, el 26 de julio de 2009, Edwin Olmeda Montalvo recurrió ante nos mediante certiorari con el fin de revisar la orden del Tribunal de Primera Instancia dictada el 19 de mayo de 2009, y notificada el 27 de mayo de 2009. Sostuvo no conocer de dictamen alguno del tribunal recurrido sobre su solicitud del 11 de junio de 2009.
No obstante, el Tribunal de Primera Instancia acogió su solicitud de reconsideración el 26 de junio de 2009, notificada el 29 de junio de 2009. Más aún, el 6 de julio de 2009, notificada el 9 de julio de 2009, emitió un dictamen fundamentado de no ha lugar a su solicitud de reconsideración y desestimación. Así las cosas, Olmeda Montalvo presentó un aviso de desistimiento voluntario sobre el referido certiorari. Conforme su solicitud, el 10 de agosto de 2009, dictamos sentencia ordenando el archivo del caso por desistimiento voluntario.
El presente certiorari, presentado el 10 de agosto de 2009, versa sobre la resolución fundamentada que deniega la reconsideración de Olmeda Montalvo y la desestimación del caso y cuya notificación fue del 9 de julio de 2009. Inconforme, Olmeda Montalvo sostiene que erró o abusó de su discreción el Tribunal de Primera Instancia al:
“1. Permitir la expedición y publicación de emplazamientos por edicto sin que la parte demandante-recurrida haya cumplido con el requisito de mostrar justa causa como lo exige la Regla 4.5 de Procedimiento Civil;
2. Concluir que la parte demandante-recurrida acreditó mediante declaración jurada haber realizado gestiones infructuosas para localizar y emplazar personalmente a los codemandados en el presente caso;
3. Declarar no ha lugar la Solicitud de Reconsideración presentada ante su consideración el 11 de junio de 2009;
4. Extender indebida e injustificadamente el término reglamentario para emplazar a los demandados por más de dos años;
5. No sancionar ni desestimar la demanda.”
II
A. Término para emplazar y la desestimación con perjuicio por no emplazar dentro del término
El emplazamiento es un mecanismo procesal cuya función es notificar a un demandado que hay una *1172 reclamación judicial en su contra. Quiñones Román v. Compañía ABC, 152 D.P.R. 367 (2000); First Bank of P. R. v. Inmob. Nac., Inc., 144 D.P.R. 901 (1998). Su propósito es notificar a grades rasgos a la parte demandada de que existe una acción judicial en su contra para que si así lo desea ejerza su derecho a comparecer en el juicio, ser oído y presentar prueba a su favor. Banco Popular v. S.L.G. Negrón, 164 D.P.R. 855 (2005). Por lo tanto, el método de notificación que se utilice debe ser uno que ofrezca una probabilidad razonable -a la luz de los hechos del caso- de informarle al demandado de la acción en su contra. Id. De esta forma, un tribunal adquiere jurisdicción sobre la persona del demandado, quien quedará obligado por el dictamen que se emita eventualmente. Márquez v. Barreto, 143 D.P.R. 137 (1997). La dimensión constitucional del procedimiento de emplazamiento requiere se cumpla estrictamente con sus requisitos y su inobservancia priva de jurisdicción al tribunal. Datiz Vélez v. Hospital Episcopal San Lucas, 163 D.P.R. 10 (2004); First Bank of P.R. v. Inmob. Nac., Inc., supra; Rodríguez v. Nasrallah, 118 D.P.R. 93 (1986).
La Regla 4.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que los emplazamientos serán diligenciados dentro del término de 6 meses de haber sido expedidos. Dicha Regla le confiere discreción a los tribunales para conceder prórrogas con respecto a dicho término siempre y cuando el demandante muestre justa causa para ello. Global Gas Inc. v. Salaam Realty Corp., 164 D.P.R. 474 (2005). Transcurrido el término o su prórroga sin que los emplazamientos hayan sido diligenciados, se tendrá a la parte actora por desistida de su reclamación con perjuicio. Regla 4.3(b) de Procedimiento Civil, supra. Ahora bien, toda vez que el término de 6 meses para diligenciar los emplazamientos es de cumplimiento estricto, no de carácter jurisdiccional, los tribunales tienen discreción para prorrogarlo aún después de que haya vencido. López v. Porrata-Doria, 140 D.P.R. 96 (1996); Banco Metropolitano v. Berríos, 110 D.P.R. 721 (1981).
La concesión de una prórroga para diligenciar el emplazamiento depende de la sana discreción del Tribunal de Instancia que debe determinar, en el momento procesal en que se suscite la cuestión, si existió justa causa o negligencia excusable para no haber emplazado dentro del término prescrito. Banco Metropolitano v. Berrios, supra. Se ha calificado la discreción como el instrumento más poderoso reservado a los jueces para hacer justicia. Id. Dicha discreción, sin embargo, no opera en el vacío. Lugo v. Municipio de Bayamón, 111 D.P.R. 679 (1981). Debe existir una razón bien fundada que mueva la conciencia judicial a conceder el remedio. Global Gas Inc. v. Salaam Realty Corp., supra. Recae sobre el demandante la carga de justificar, con relación a los hechos y las circunstancias del caso, la razón para haber dejado transcurrir el término original sin emplazar. First Bank of P.R. v. Inmob. Nac., Inc., supra; Ortalazav. F.S.E., 116 D.P.R. 700 (1985).
La Regla 4.3(b) de Procedimiento Civil, supra, provee para que el tribunal considere la acción desistida con perjuicio cuando no se haya diligenciado el emplazamiento en el término dispuesto por ésta o en el término de la prórroga. La desestimación con perjuicio que ordena la Regla 4.3(b), al igual que la desestimación bajo la Regla 39.2 de las Reglas de Procedimiento Civil, persigue sancionar la dejadez e inacción de un litigante que inicia un pleito y luego no efectúa las gestiones necesarias para adquirir jurisdicción sobre el demandado. Banco Metropolitano v. Berríos, supra. La Regla 4.3(b) es un desarrollo paralelo de la 39.2(b) sobre desestimación del pleito por inactividad, y ambas tienen el mismo propósito de acelerar la litigación y despejar los calendarios, operando la primera en la etapa temprana del pleito. Banco Popular v. S.L.G. Negrón, supra. No obstante, esta sanción es la más drástica que puede imponer el tribunal ante la dilación en el trámite de un caso, por lo que se debe recurrirse a ella en casos extremos. Id. Es deber del tribunal procurar un balance entre el interés en promover la tramitación rápida de los casos y la firme política judicial de que los casos sean resueltos en sus méritos. Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III; Datiz Vélez v. Hospital Episcopal San Lucas, supra; Ghigliotti v. Admin. de Serv. Agri., 149 D.P.R. 902 (1999); Valentín González v. Mun. de Añasco, 145 D.P.R. 887 (1998).
De ordinario, el ejercicio de las facultades discrecionales por el foro de instancia merece nuestra deferencia; por tanto, sólo podemos intervenir con el ejercicio de su discreción cuando se demuestre que el foro recurrido actuó con prejuicio o parcialidad, o incurrió en un craso abuso de discreción, o se equivocó en la interpretación *1173 de cualquier norma procesal o de derecho sustantivo. Lluch v. España Service, 117 D.P.R. 729 (1986).
B. Emplazamiento por edicto bajo la Regla 4.5 de Procedimiento Civil, supra.
Por otro lado, aunque el diligenciamiento personal del emplazamiento es el método más idóneo para adquirir jurisdicción sobre la persona, por vía de excepción, las Reglas de Procedimiento Civil autorizan emplazar por edicto. Regla 4.5 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III. Así, cuando la persona a ser emplazada está en Puerto Rico, pero no puede ser localizada, después de realizadas las diligencias pertinentes, procede que su emplazamiento se realice a través de la publicación de un edicto. First Bank of P.R v. Inmob. Nac., Inc., supra. La Regía 4.5 de Procedimiento Civil, supra, establece las circunstancias en que los tribunales podrán autorizar un emplazamiento por edicto y, en lo pertinente, dispone:
“Cuando la persona a ser emplazada estuviere fuera de Puerto Rico, o estando en Puerto Rico no pudiere ser localizada después de realizadas las diligencias pertinentes, o se ocultare para no ser emplazada, o si fuere una corporación extranjera sin agente residente, y así se comprobare a satisfacción del tribunal mediante declaración jurada, con expresión de dichas diligencias, y apareciere también de dicha declaración, o de la demanda jurada presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden disponiendo que el emplazamiento se haga por un edicto.
No se requerirá un diligenciamiento negativo como condición para dictar la orden disponiendo que el emplazamiento se haga por edicto.”
Como puede verse, antes de que se autorice la publicación de un edicto, la Regla requiere que el juez compruebe a su "satisfacción ” las diligencias efectuadas para lograr el emplazamiento personal por quien en esa etapa ulterior desea emplazar por edicto. Esa comprobación se realiza mediante la presentación de una declaración jurada suficiente en derecho. Reyes v. Oriental Fed. Savs. Bank, 133 D.P.R. 15 (1993). En lo que respecta a las diligencias que deben acreditarse en la declaración jurada que se someta con la solicitud de autorización para emplazar por edictos, se ha dispuesto:
“La declaración jurada que a ese efecto se preste debe contener hechos específicos demostrativos de esa diligencia y no meras generalidades que no son otra cosa que prueba de referencia. En los casos que hemos estudiado aparecen específicamente las gestiones hechas con expresión de las personas con quienes se investigó y la dirección de éstas. [...] Hacerlo constar es de incalculable valor para evitar el fraude. Es buena práctica inquirir de las autoridades de la comunidad, la policía, el alcalde, del administrador de correos que son las personas más llamadas a conocer la residencia o el paradero de las personas que viven en la comunidad. [...] Demostrar que se han hecho todas estas diligencias es la única forma en que puede establecérsele satisfactoriamente al juez la imposibilidad de notificar personalmente al demandado.
El juez de instancia a quien se le presente una moción para que se autorice la citación por edictos debe cerciorarse de que “se han hecho las diligencias necesarias para determinar el paradero del demandado” [...].
(Citas omitidas). Mundo v. Fuster, 87 D.P.R. 363, 371-372 (1963).
En Lanzó Llanos v. Banco de la Vivienda, 133 D.P.R. 507, 514 (1993), se contextualizaron las expresiones citadas a la luz de los avances tecnológicos en el campo de las comunicaciones y los cambios culturales y demográficos habidos en nuestro país en las últimas décadas, y se expuso:
“Las diligencias que describimos específicamente en Mundo v. Fuster constituyen meros ejemplos de lo que sería una buena práctica al intentar encontrar al demandado con el propósito de notificarle acerca de la *1174 acción en su contra. No obstante, las mismas no constituyen una enumeración cerrada de posibilidades, ni puede permitirse que se conviertan en fundamento para la recitación automática de alegaciones evidentemente estereotipadas con el fin de obtener, sin más, la autorización para emplazar por edictos, con total abstracción de las particulares circunstancias del caso que se trate.
En consecuencia, lo fundamental para que se autorice el emplazamiento por edictos es que en la declaración jurada que acompañe la solicitud correspondiente se aduzcan hechos específicos que demuestren, en las circunstancias particulares del caso en que surja la cuestión, que el demandante ha realizado gestiones potencialmente efectivas para tratar de localizar al demandado y emplazarlo personalmente, y que a pesar de ello ha sido imposible encontrarlo. Lanzó Llanos v. Banco de la Vivienda, supra, a las págs. 513-514; Global Gas Inc. v. Salaam Realty Corp., supra. Al evaluar la suficiencia de tales diligencias, el tribunal deberá tener en cuenta todos los recursos razonablemente accesibles al demandante para intentar hallar al demandado, y si se ha agotado toda posibilidad razonable disponible al demandante para poder localizarlo.” Lanzó Llanos v. Banco de la Vivienda, supra, a las págs. 515; Global Gas Inc. v. Salaam Realty Corp., supra.

Ill

Los primeros tres señalamientos de error están relacionados con el cuarto, por lo cual serán discutidos en conjunto. En síntesis, nos corresponde resolver si erró el Tribunal de Primera Instancia al permitir la expedición de emplazamientos por edicto por entender que en la declaración jurada se acreditaron gestiones infructuosas para localizar y emplazar personalmente a los codemandados; lo cual constituyó justa causa para autorizar ese emplazamiento; culminó en la denegatoria de la solicitud de reconsideración presentada el 11 de junio de 2009; y justificó que el tribunal recurrido extendiera el término para emplazar.
A pesar de que el 7 de diciembre de 2007, el Tribunal de Primera Instancia ordenó a los demandantes enmendar la demanda y el emplazamiento del menor Alex Olmeda Lizardi, este dictamen no fue notificado a los demandantes hasta el 28 de octubre de 2008. Una vez notificados de la orden del tribunal, el 25 de noviembre de 2008, los demandantes presentaron la demanda enmendada. Además, en una vista celebrada el 3 de diciembre de 2008, informaron estar en vías de diligenciar nuevamente los emplazamientos. En esa fecha, el tribunal les concedió una prórroga de 15 días para emplazar. No obstante, el 18 de diciembre de 2008, notificó una orden declarando con lugar la demanda enmendada y concediendo 20 días para presentar los emplazamientos diligenciados. Los demandantes no cumplieron con lo ordenado.
Ante la posible desestimación del caso con perjuicio y apercibidos de esto, el 28 de abril de 2009, los demandantes se opusieron a la desestimación advirtiendo: (1) que el caso había sufrido complicaciones procesales que no eran atribuibles a esa parte; (2) que los emplazamientos enmendados fueron remitidos para diciembre de 2008; (3) que durante la prórroga para diligenciar la demanda enmendada y los emplazamientos se trató de conseguir a los demandados, pero las gestiones no tuvieron éxito; y (4) que acreditaban lo anterior mediante declaración jurada de un emplazador que justificaba el emplazamiento por edicto. Por lo expuesto, solicitaron se ordenara el emplazamiento por edicto.
Para que se justifique el emplazamiento por edicto, la declaración jurada debe aducir hechos específicos que demuestren, en las circunstancias particulares del caso, que el demandante realizó gestiones potencialmente efectivas para localizar al demandado y emplazarlo personalmente, y que a pesar de ello no fue posible encontrarlo. Lanzó Llanos v. Banco de la Vivienda, supra, a las págs. 513-514; Global Gas Inc. v. Salaam Realty Corp., supra. En el presente caso, para el justificar el emplazamiento por edicto, los demandantes presentaron una declaración jurada del emplazador en la cual expuso: (1) que en la Urbanización Mansiones del Sur Plaza #8 S-D 26 en Toa Baja, hay un control de acceso que requiere la autorización de un residente para que se permita la entrada; (2) que sin la autorización de un residente no se permite el acceso para diligenciar un emplazamiento; (3) que visitó la referida urbanización en varias ocasiones, pero no pudo diligenciar los emplazamientos; (4) que visitó el cuartel de la policía, el correo federal y el Municipio de Toa Baja, sin poder *1175 conocer del paradero de los demandados; y (5) que por las razones expuestas entiende que no se puede emplazar a los demandados personalmente.
El Tribunal de Primera Instancia en su discreción determinó que la moción solicitando el emplazamiento por edicto y la declaración jurada del emplazador Carmelo Reyes Díaz, acreditan que se realizaron esfuerzos infructuosos para localizar a ciertos demandados, los cuales justifican el emplazamiento por edicto de éstos. Por esa razón; el foro de instancia se reafirmó en su determinación del 19 de mayo de 2009, y declaró no ha lugar la reconsideración del 11 de junio de 2009.
Conforme la discreción que posee el tribunal recurrido para prorrogar el tiempo para emplazar, así haya transcurrido el término de seis meses, lo importante es que en el ejercicio de su sana discreción determine que en el momento procesal que se suscita la controversia existió justa causa o negligencia excusable para no emplazar dentro del término prescrito. López v. Porrata-Doria, supra; Banco Metropolitano v. Berríos, supra. Así las cosas, desde que se presentó la demanda enmendada el 25 de noviembre de 2008, hasta que se solicitó el emplazamiento por edicto el 28 de abril de 2009, transcurrieron poco más de cinco meses. No se trata de que el Tribunal de Instancia prorrogó indebida e injustificadamente el término para emplazar, por más de dos años, como sugiere la parte recurrida. Para el tribunal recurrido las gestiones para emplazar personalmente a los demandados -realizadas desde que se enmendó la demanda hasta que se solicitó el emplazamiento por edicto-constituyeron justa causa para prorrogar el término para emplazar y permitir el emplazamiento por edicto. Evaluada las acciones impugnadas, entendemos que no procede nuestra intervención con el criterio del foro recurrido. Su discreción no se ejerció en el vacío y su determinación permite la dilucidación en los méritos del caso.
Por último, nos corresponde resolver si erró el tribunal revisado al no sancionar a los demandantes con la desestimación de su demanda.
Al igual que con las actuaciones discrecionales ya evaluadas, el ejercicio de la discreción del Tribunal de Primera Instancia merece nuestra deferencia y sólo intervendremos si se demuestra que actuó con prejuicio o parcialidad, o incurrió en un craso abuso de discreción, o se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. Lluch v. España Service, supra. Para la parte recurrida, se equivocó el Tribunal de Instancia al no desestimar la demanda cuando la parte demandante ha incumplido con sus órdenes, ha incurrió en inactividad y abandonó el caso. No le asiste la razón. En su evaluación de esta solicitud, el foro de instancia reconoció que el trámite procesal del caso ha sido uno accidentado y no ignoró su responsabilidad al respecto en ciertas ocasiones. Ante el incumplimiento de la representación legal de los demandantes con las órdenes del tribunal, se le impuso como sanción el pago de $100.00.
No obstante, el Tribunal de Instancia entendió que no se justificaba la sanción más severa de la desestimación. Ésta, al amparo de la Regla 4.3(b), supra, o la 39.2 (a) o (b), supra, constituye la sanción más drástica y procede sólo en casos extremos. Banco Popular v. S.L.G. Negrón, supra. El tribunal no estaba inclinado a concederla, máxime cuando la notificación de la resolución del 7 de diciembre de 2007 fue cursada a la parte demandante el 28 de octubre de 2008, es decir, casi 11 meses después de dictada. Considerando las circunstancias del caso y que la desestimación privaría al demandante de su día en corte, el tribunal permitió el emplazamiento por edicto y advirtió a la parte demandante que no tolerará futuras dilaciones en el pleito.
Evaluada esta actuación, sostenemos al Tribunal de Primera Instancia en su determinación. No actuó con prejuicio ni parcialidad, ni abusó de su discreción, ni ignoró normas jurídicas aplicables o provocó un resultado irrazonable o arbitrario. Su actuación de no desestimar el pleito se justifica por las circunstancias del caso y por la política judicial de que se ventile en sus méritos.
*1176 IV
Por los fundamentos expuestos, se EXPIDE el certiorari y se CONFIRMA la determinación recurrida.
Notifíquese inmediatamente por correo electrónico o fax o teléfono y posteriormente por correo ordinario.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
Lie. Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones