# 95 DTA 143

## TRIBUNAL CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

MARGARITA OZUNK SANCHEZ
Demandante-Recurrida

v.

AIRPORT SHOPPES, INC. Y OTROS
Demandados-Peticionarios

Núm. KLCE-95-00267

San Juan, Puerto Rico, a 22 de mayo de 1995

Panel Integrado por su presidenta, la Juez Fiol Matta
la Juez Rodríguez de Oronoz, y el Juez Gierbolini

Gilberto Gierbolini, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

En el recurso de *certiorari* instado en el caso de epígrafe los codemandados recurrentes Airport Shoppes, Inc., solicitan la revisión de una Orden emitida el 14 de febrero de 1995, la cual se archivó en autos el 15 de febrero de 1995. Mediante ésta, el tribunal de instancia denegó la moción de desestimación presentada por los aquí peticionarios. Estos solicitaron el 24 de febrero de 1995, a nivel de instancia, la reconsideración de la Orden del 14 de febrero de 1995, además de pedir la determinación de hechos y de derechos adicionales. Dicha solicitud fue denegada mediante Orden emitida el 27 de marzo de 1995 y archivada en autos el 31 de marzo de 1995. El presente recurso fue presentado el 28 de abril de 1995.

Luego de un cuidadoso análisis del recurso instado y a la luz de la totalidad de los documentos que obran en autos y el derecho aplicable, resolvemos que procede confirmar la orden recurrida.

### I

El 22 de junio de 1994 Margarita Ozuna Sánchez presentó una demanda sobre despido discriminatorio contra Airport Shoppes, Inc. (Airport) y ABC, Inc. y XYZ como personas particulares. El 18 de octubre de 1994 el emplazador Sr. Manuel Arturo Villaneuve se personó a las oficinas de personal de Airport, preguntando por el Sr. Francisco Rivera, Sub-director de personal de la empresa. Allí se le informó que Rivera no estaba, procediendo entonces el emplazador a entregar copia de la demanda junto con el respectivo emplazamiento, a la secretaria que lo atendió █

El 4 de noviembre de 1994 el codemandado Airport presentó una Moción de Desestimación por Insuficiencia de Emplazamiento y Falta de Jurisdicción, sustentada en que el diligenciamiento del emplazamiento fue defectuoso. El 8 de noviembre de 1994 el tribunal de instancia emitió una Orden ortorgándole 20 días a la demandante Ozuna para que se expresara con relación a la moción de desestimación de Airport. El 27 de diciembre de 1994 Ozuna presentó su réplica a la moción, la cual acompañó con nuevos emplazamientos cuya expedición solicitó al tribunal.

Así las cosas, el 3 de enero de 1995 el tribunal de instancia ordenó la expedición de los nuevos emplazamientos, los cuales aparentan haber sido diligenciados el 5 de febrero de 1995 █ Airport por su parte, volvió a presentar una moción de desestimación el 25 de enero de 1995, la cual fue atendida por el tribunal de instancia el 27 de enero de 1995 concediéndole a la otra parte 10 días para expresarse en torno a la moción. Pasados los 10 días, el 14 de febrero de 1995 el tribunal de instancia emitió una Orden declarando No Ha Lugar la moción de desestimación presentada el 25 de enero de 1995 por Airport, dictamen que es ahora objeto del recurso que nos ocupa. █

Airport indica que el tribunal de instancia erró al no desestimar la demanda del caso de epígrafe por razón de haber incumplido el demandante con la Regla 4 de las de Procedimiento Civil y carecer por tanto el tribunal de jurisdicción para atender la controversia. En particular señala que el emplazamiento no se diligenció a un oficial, gerente administrativo o persona autorizada; que el mismo no fue cumplimentado de acuerdo a la ley; y que procedía desestimar pues habían pasado seis meses sin que se diligenciaran los

emplazamientos ni se pidiera prórroga por justa causa.

## II

El recurso instado por Airport descansa en una controversia de naturaleza procesal. Veamos entonces las reglas que tratan lo concerniente al tiempo que tiene el demandante para diligenciar el emplazamiento. La Regla 4.3(b) de las de Procedimiento Civil, 32 L.P.R.A. Ap.III R.4.3(b) (1983) dispone lo siguiente:

*"4.3. Quién puede diligenciarlo; término para el diligenciamiento*

*(a).....*

*(b) El emplazamiento será diligenciado en el término de seis (6) meses de haber sido expedido. Dicho término sólo podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida, con perjuicio.*

Esta regla hay que verla en conjunto con la Regla 68.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap.III R.68.2 (1983), que dispone:

*"68.2. Prórroga o reducción de términos*

*Cuando por estas reglas o por una notificación dada en virtud de sus disposiciones, o por una orden del tribunal se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción, (1) previa moción o notificación o sin ellas, ordenar que se prorrogue o acorte el término si así se solicitare antes de expirar el término originalmente prescrito o según prorrogado por orden anterior; o (2) a virtud de moción presentada después de haber expirado el plazo especificado, permitir que el acto se realice si la omisión se debió a negligencia excusable; pero no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas 43.3, 44.1, 47, 48.2, 48.4, 49.2, 53.1, 53.2, 53.3 y 53.7, salvo lo dispuesto en las mismas bajo las condiciones en ellas prescritas."*

Ambas reglas fueron interpretadas de forma armoniosa en *Banco Metropolitano vs. Berríos,* 110 D.P.R. 721 (1981). Allí se trataba de un demandante que solicitó una prórroga para diligenciar el emplazamiento transcurridos seis meses desde la expedición del mismo. De primera intención el tribunal de instancia concedió la prórroga, aunque luego se retractó y determinó que contrario a su *"noción de lo justo",* procedía desestimar por haber transcurrido los seis meses que dispone la Regla 4.3(b). El Tribunal Supremo revocó la determinación final del tribunal de instancia y decidió, en cambio, que la primera apreciación del tribunal, esto es, que procedía la prórroga solicitada después de los seis meses, era sostenible en derecho. Para el Tribunal lo importante en la interacción entre la Reglas 4.3(b) y la 68.2, es la manera en que el juzgador ejerce su discreción. La decisión de no imponer la sanción de desestimación con perjuicio es señal de que el tribunal encontró justa causa para darle al demandante la oportunidad de completar el diligenciamiento del emplazamiento. Expresa el Tribunal Supremo:

La determinación por el tribunal de justa causa para prorrogar el término del emplazamiento, en ausencia de abuso de discreción, debe deducirse de su negativa a imponer la sanción de desestimiento con perjuicio. El más poderoso instrumento para hacer justicia reservado a los jueces es la discreción. La equidad nació precisamente de la necesidad de atemperar el rigor de la norma mediante recurso a la conciencia del juzgador. La sanción de

desistimiento con perjuicio ordenada en la Regla 4.3(b) para la falta de diligencia del emplazamiento está predicada sobre la discreción del tribunal en la estimación de justa causa. La expiración del término de seis meses no tiene efecto de caducidad de la citación, ni de nulidad, ni mucho menos afecta la jurisdicción del tribunal. *Banco Metropolitano vs. Berríos, supra,* a las páginas 724-25. Véase, además, lo decidido por este Tribunal en *Empresas Naranjo vs. D.C.A. Mechanical Contractors, Inc.,* KLCE 95-0025, 21 de abril de 1995, Circuito Regional I y en *Ortiz vs. Caraballo Rivera,* KLCE-95-0025, 7 de marzo de 1995, Circuito Regional I.

A la luz de lo anterior es necesario concluir que en el caso de autos el promovente no nos ha puesto en condiciones de determinar que el tribunal de instancia abusó de su discreción al ordenar expedir el emplazamiento. *Banco Metropolitano vs. Berríos, supra,* a las páginas 723-24.

## III

Por los fundamentos antes expuestos, se expide el auto y se confirma la Orden recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 143**

**1.** Declaración Jurada de Manuel Arturo Villeneuve del 21 de febrero de 1995, incluida en la Réplica a Moción de Desestimación bajo la Regla 4 de Procedimiento Civil presentada el 21 de febrero de 1995 por la parte demandante.

**2.** *Id.*

**3.** En la referida Orden también se declaró No Ha Lugar una solicitud de paralización de los procedimientos presentada el 8 de febrero de 1995 por Airport. Valga señalar que Ozuna presentó finalmente su réplica a la moción de desestimación de Airport el 21 de febrero de 1995.