Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Justo Lozada Sánchez, Juan Camacho Moreno, Wanda I. González Vélez, Carmen I. Alvarado Rivas, Enrique J. Seguí Casalduc, Elba T. Escribano        de Jesús<br>        Recurridos<br><br>                       v.<br><br>In re:<br>Autoridad de Energía Eléctrica<br><br>Agencia Proponente       - Recurrida<br><br>Junta de Calidad Ambiental<br>        Peticionaria<br>_____<br>In re:<br>Autoridad de Energía Eléctrica<br>        Peticionaria<br><br>                       v.<br><br>Junta de Calidad Ambiental<br>        Recurrida<br><br>Justo Lozada Sánchez, Juan Camacho Moreno, Wanda I. González Vélez, Carmen I. Alvarado Rivas, Enrique J. Seguí Casalduc, Elba T. Escribano de Jesús<br>        Recurridos | Certiorari<br><br>2011 TSPR 168<br><br>183 DPR _____ |

Número del Caso:       CC- 2011 - 718
                       CC- 2011 - 722

Fecha: 8 de noviembre de 2011


Tribunal de Apelaciones:

        Región Judicial de San Juan, Panel II


Panel integrado por su presidente, el Juez Morales Rodrí                              guez, la Juez Ortiz Flores y la Juez Surén Fuentes

**CC-2011-718**

Oficina de la Procuradora General:

                Lcda. Karla Z. Pacheco Álvarez
                Procuradora General Auxiliar

Abogados de la Parte Recurrida:

                Lcdo. Luis José Torres Asencio
                Lcdo. Pedro J. Saadé Llorens
                Lcdo. Eliezer Aldarondo Ortiz
                Lcda. Rosa Campos Silva
                Lcdo. Eliezer Aldarondo López

_____

**CC-2011-722**

Abogados de la Parte Peticionaria:

                Lcdo. Eliezer Aldarondo Ortiz
                Lcda. Rosa Campos Silva
                Lcdo. Eliezer Aldarondo López

Abogados de la Parte Recurrida:

                Lcdo. Luis José Torres Asencio
                Lcdo. Pedro J. Saadé Llorens

Materia: Revisión de Resolución Procedente de Junta de Calidad Ambiental (Proyecto Vía Verde)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Justo Lozada Sánchez, Juan Camacho Moreno, Wanda I. González Vélez, Carmen I. Alvarado Rivas, Enrique J. Seguí Casalduc, Elba T. Escribano de Jesús<br><br>Recurridos<br><br>v.<br><br>In re:<br>Autoridad de Energía Eléctrica<br><br>Agencia Proponente-Recurrida<br><br><br>Junta de Calidad Ambiental<br><br>Peticionaria<br>_____<br><br>In re:<br>Autoridad de Energía Eléctrica<br><br>Peticionaria<br><br>v.<br><br><br>Junta de Calidad Ambiental<br><br>Recurrida<br><br>Justo Lozada Sánchez, Juan Camacho Moreno, Wanda I. González Vélez, Carmen I. Alvarado Rivas, Enrique J. Seguí Casalduc, Elba T. Escribano de Jesús<br><br>Recurridos | CC-2011-718<br>CC-2011-722 |

RESOLUCIÓN


En San Juan, Puerto Rico, a 8 de noviembre de 2011.

La Junta de Calidad Ambiental (JCA) y la Autoridad de Energía Eléctrica (AEE) presentaron por separado dos recursos

de <u>certiorari</u> ante este Tribunal. Junto con los recursos, la AEE y la JCA presentaron por separado dos solicitudes de auxilio de jurisdicción con el propósito de que se paralizaran los procedimientos en el Tribunal de Apelaciones. Mediante Resolución de 9 de septiembre de 2011, declaramos con lugar esas mociones. Además, consolidamos los recursos presentados por tratarse de la misma materia. Por último, le concedimos un término de 15 días a Juan Cortés Lugo y otros para que refutaran los recursos que presentaron la AEE y la JCA. Así lo hicieron.

Posteriormente, el 6 de octubre de 2011 la AEE y la JCA replicaron por separado al escrito que presentaron Juan Cortés Lugo y otros. Así las cosas, nuestra Secretaría recibió el 13 de octubre de 2011 una "Moción solicitando prórroga" que presentó Justo Lozada Sánchez y otros, quienes no forman parte del presente caso. Subsiguientemente, el 20 de octubre de 2011 Juan Cortés Lugo y otros, que sí forman parte del presente pleito, presentaron también una "Moción solicitando prórroga" en la que nos requieren 10 días para duplicar a las réplicas que presentaron la AEE y la JCA el 6 de octubre de 2011. La AEE se opuso.

La Regla 31 del Reglamento de este Foro, 4 L.P.R.A. Ap. XXI-A, le concede 10 días a "[c]ualquier parte que desee expresarse a favor o en contra de una moción que solicite algún remedio...". Por otro lado, la Regla 48 del mismo cuerpo de reglas, 4 L.P.R.A. Ap. XXI-A, establece en lo pertinente: "Cualquier solicitud de prórroga deberá recibirse en el Tribunal no menos de tres (3) días laborables antes de expirar el plazo cuya prórroga se solicite. No se concederá ninguna moción de prórroga que no cumpla con este requisito...".

La Regla 48, Íd., dispone de igual forma que "[l]as mociones de prórroga deben fundamentarse con hechos concretos y no con meras generalizaciones. Como norma general, el exceso de trabajo del (de la) abogado (a) no se considerará una razón adecuada para justificar una prórroga".

En el caso que nos ocupa, la moción de 13 de octubre de 2011 en la que se solicitó prórroga fue presentada a tiempo. No obstante, fue presentada por alguien que no era parte, es decir, Justo Lozada Sánchez y otros. Estos no forman parte del caso. Basta recordar que el Tribunal de Apelaciones en su Resolución de 18 de agosto de 2011 solo le reconoció legitimación activa a Juan Cortés Lugo y otros. <u>Apéndice</u>, págs. 856-861. En cuanto a Justo Lozada Sánchez y otros, determinó que estos no tenían legitimación activa. Íd. De ese extremo de la resolución no se recurrió ante este Foro en los recursos consolidados que nos ocupan. La mención de Justo Lozada Sánchez y otros en el epígrafe responde a que se reproduce ante nos el epígrafe que el caso tenía en el foro intermedio. No hace parte a Lozada Sánchez y otros y no los

convierten en Juan Cortés Lugo y otros, la parte recurrida en este caso.

En cuanto a la moción presentada el 20 de octubre de 2011 un simple cálculo aritmético demuestra que fue presentada a destiempo. El término para replicar vencía el 17 de octubre de 2011 (el 16 de octubre de 2011 era domingo) y el de solicitar prórroga vencía el 13 de octubre de 2011 (el 12 de octubre de 2011 era festivo).

Además, Juan Cortés Lugo y otros no nos presentan hechos concretos que justifiquen la concesión de la prórroga. Valga señalar que en este caso Juan Cortés Lugo y otros ya presentaron su alegato en oposición a la expedición del recurso de <u>certiorari</u>.

Ante ese escenario, se declara no ha lugar la moción en solicitud de prórroga que presentó Justo Lozada Sánchez el 13 de octubre de 2011 y la "moción solicitando prórroga" que presentó Juan Cortés Lugo y otros el 20 de octubre de 2011.

Todas las partes han comparecido ante nos y han presentado múltiples escritos en este caso. Sus argumentos se considerarán de manera sosegada con el rigor que la Constitución impone. No se ha privado a ninguna parte de su oportunidad de ser oída.

Notifíquese inmediatamente a las partes por teléfono o fax, y por la vía ordinaria.

Lo acordó y ordena el Tribunal, y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Fiol Matta disiente de la determinación del Tribunal por considerar que penaliza injustificadamente a la parte recurrida. Entiende que se le debe permitir al grupo de ciudadanos liderados por Juan Cortés presentar su dúplica a las réplicas de la Autoridad de Energía Eléctrica (AEE) y la Junta de Calidad Ambiental (JCA) de manera integrada en el caso consolidado ante el Tribunal, por varias razones: que la parte peticionaria ha cometido el mismo error en la identificación de la parte recurrida que se utiliza como fundamento para denegar la solicitud de prórroga; que el error que han cometido ambas partes es excusable dado el confuso trasfondo procesal del caso y no afecta los méritos del recurso; que la parte recurrida justifica debidamente su petición de prórroga en el hecho de que la Oposición al Alegato de la Parte Recurrida presentada por la AEE es un documento extenso, complejo y que discute por primera vez ciertos argumentos y estudios sobre los que no ha podido expresarse; que la parte recurrida señala que supo del escrito de la JCA más de una semana después de su fecha de presentación, y, sobre todo, que este caso es de gran interés público y recibir los comentarios de todas las partes beneficiará al Tribunal al permitirle contar con un expediente más completo para resolver la controversia. La Juez Asociada

señora Rodríguez Rodríguez emitió voto particular disidente al cual se une el Juez Presidente señor Hernández Denton.


Aida Ileana Oquendo Gralau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Justo Lozada Sánchez, Juan Camacho Moreno, Wanda I. González Vélez, Carmen I. Alvarado Rivas, Enrique J. Seguí Casalduc, Elba T. Escribano de Jesús

Recurridos

v.

In Re:
Autoridad de Energía Eléctrica

Agencia Proponente-Recurrida

Junta de Calidad Ambiental

Peticionaria
_____

In Re:
Autoridad de Energía Eléctrica

Peticionaria

v.

Junta de Calidad Ambiental

Recurrida

Justo Lozada Sánchez, Juan Camacho Moreno, Wanda I. González Vélez, Carmen I. Alvarado Rivas, Enrique J. Seguí Casalduc, Elba T. Escribano de Jesús

Recurridos

CC-2011-0718
CC-2011-0722

Voto particular disidente emitido por la Juez Asociada señora Rodríguez Rodríguez al que se le une el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 8 de noviembre de 2011

Esta Curia hoy se niega a considerar los planteamientos de un grupo de vecinos y vecinas preocupados por su vida.  Es

inminente el paso de una línea kilométrica de gas natural por zonas aledañas a sus viviendas.  No puedo permanecer callada.

Por las razones que a continuación exponemos, entendemos que la mayoría se ha equivocado al denegar las solicitudes de prórroga presentadas por la parte recurrida.  Consideramos que el denegarlas equivale a no reconocerle a una parte el derecho que le asiste a ser escuchada y privarle a este Tribunal de contar con todos los elementos de juicio necesarios para adjudicar la presente controversia.  Una controversia del más alto interés público y que versa sobre la aprobación de una Declaración de Impacto Ambiental Final (DIA-F) de un enorme gasoducto.

I.

A.

Es importante narrar los hechos de este caso.  Esto, toda vez que está revestido del más alto interés público.  Los aquí recurridos son personas naturales cuya seguridad personal e intereses y derechos propietarios, agrícolas, ambientales, estéticos, entre otros se verán afectados por la construcción de un enorme gasoducto que se promociona publicitariamente como "Vía Verde".  Lo anterior, de por sí, debe ser suficiente para que este Tribunal reciba y pondere **todos los planteamientos** y cuente con un expediente completo y amplio que le permita tomar una decisión reflexiva, concienzuda e informada.  Esto, sin aferrarse a un formalismo extremo que termine cambiando nuestra función de impartir justicia por una aplicación mecánica de leyes, normas y reglamentos.

B.

Tenemos ante nuestra consideración unos recursos de *certiorari* que presentaran, el 6 de septiembre de 2011 y de forma separada, la Junta de Calidad Ambiental (JCA) y la Autoridad de Energía Eléctrica (AEE). En dichos recursos se nos pide que revisemos una Resolución emitida el 18 de agosto de 2011 por el Tribunal de Apelaciones. Ésta es el resultado de la presentación de tres recursos de revisión administrativa, mediante los cuales se solicitó que el foro intermedio revisara la aprobación de la Declaración de Impacto Ambiental Final (DIA-F) que emitiera la JCA en el proyecto de gasoducto "Vía Verde". Esencialmente, los peticionarios-recurridos solicitaron al Tribunal de Apelaciones que dejara sin efecto la Resolución R-10-45-1 de la Junta de Calidad Ambiental mediante la cual se aprobó el Informe del Sub-Comité y se determinó que la DIA-F presentada por la AEE para el proyecto de gasoducto cumplió con todos los requisitos de la Ley Núm. 416 de 22 de septiembre de 2004, 12 L.P.R.A. sec. 801 *et seq.*, conocida como la Ley sobre la Política Ambiental.

Así las cosas, el Tribunal de Apelaciones, el 31 de marzo de 2011, emitió sentencia desestimando, por falta de legitimación activa, los tres recursos de revisión administrativa presentados e identificados con los alfanuméricos KLRA201001238 (Justo Lozada Sánchez y otros), KLRA201001246 (Juan Cortés Lugo y otros) y el KLRA201001249 (Unión de Trabajadores de la Industria Eléctrica y Riego-UTIER). Sin embargo, luego de que oportunamente se solicitara

reconsideración, el foro apelativo acogió la misma y dictó la Resolución ante nuestra consideración. Entendió que Juan Cortés Lugo y otros (KLRA201001246) sí cumplían con los requisitos impuestos por la doctrina de legitimación activa y por tanto podían solicitar revisión de la DIA-F del proyecto de gasoducto.

Inconformes, la AEE y la JCA recurrieron ante este Tribunal la Resolución reseñada. El 6 de septiembre de 2011 presentaron ante esta Curia, de manera separada, mociones urgentes en auxilio de jurisdicción, entre otros escritos. Adujeron que ese mismo día habían presentado sus recursos de *certiorari*, solicitando que revisáramos la Resolución que hoy nos ocupa. La Procuradora General, en representación de la JCA, certificó haber notificado a las partes la moción en auxilio de jurisdicción mediante entrega personal y/o [sic] por correo certificado con acuse de recibo a las partes: Justo Lozada; Juan Camacho Moreno, Wanda I. González, Carmen I. Alvarado Rivas, Enrique J. Seguí Casalduc, Elba T. Escribano De Jesús, Lcdo. Andrés Santos Ortiz, Lcdo, Pedro Saade Lloréns, Lcdo. Luis José Torres Asencio; Lcdo. Eliezer Aldarondo Ortiz, Hon. Pedro J. Nieves Miranda, Sub-Comité Interagencial de Cumplimiento Ambiental por Vía Acelerada, Lcda. Dimarie Alicea Lozada.[1] Por otra parte, los licenciados Eliezer Aldarondo Ortiz, Eliezer Aldarondo López y la

---

[1] Igualmente notificaron a Justo Lozada Sánchez y otros la Moción Informativa y en cumplimiento con la Regla 39 del Reglamento de esto Honorable Tribunal, la Réplica al Alegato de las Partes Recurridas, la petición de *certiorari*, la moción en solicitud de autorización para presentar recurso en exceso del límite de páginas permitidas.

licenciada Rosa Campos Silva, en representación de la AEE, certificaron haber notificado la moción en auxilio de jurisdicción a los licenciados Pedro Saade Llórens y Luis José Torres Asencio a sus respectivas direcciones, al Sr. Pedro J. Nieves Miranda y a la licenciada Karla Pacheco Álvarez a sus direcciones postales. Tenemos que decir que ambas mociones llegaron con el epígrafe original del caso ante la consideración del Tribunal de Apelaciones, aún cuando éste sólo había reconocido legitimación activa a la parte compareciente en el recurso KLRA201001246 (Juan Cortés Lugo). Precisamente en la moción presentada por la JCA el epígrafe lee: "Justo Lozada Sánchez, Juan Camacho Moreno, Wanda I. González Vélez, Carmen I. Alvarado Rivas, Enrique J. Seguí Casalduc, Elba T. Escribano de Jesús, Parte con Interés-Recurrentes In Re: Autoridad de Energía Eléctrica, Agencia Proponente-Recurrida, Junta de Calidad Ambiental, Agencia Recurrida". De igual manera, aunque en orden diferente lo hace el recurso presentado por la Autoridad de Energía Eléctrica.

Siendo esto así, oportunamente, la parte recurrida presentó un escrito titulado "Alegato de las partes recurridas" donde rebatió los argumentos de la parte peticionaria. En respuesta, el 6 de octubre la JCA presentó un escrito titulado "Réplica al alegato de las partes Recurridas". Cónsono con lo que señalara en la nota al calce número uno, se notificó este escrito a Justo Lozada Sánchez y no a Juan Cortés Lugo, quien era parte en el caso KLRA201001246. Según certifica la licenciada Karla Z. Pacheco

Álvarez, Procuradora General Auxiliar, el mismo día se envió copia por correo certificado a, entre otras personas, los licenciados Pedro Saade Llórens y Luis José Torres Asencio, representantes legales de la parte recurrida. De igual manera, la AEE presentó el 6 de octubre un escrito titulado "Oposición a Alegato de las Partes Recurridas"; certificó haber notificado a las partes.

Debido a la presentación del escrito en oposición presentado por la parte peticionaria, el 13 de octubre compareció "la parte recurrida, Justo Lozada Sánchez et al",[2] por conducto de su representación legal y solicitó se le concediera una prórroga de diez (10) días para contestar el escrito en oposición presentado por la AEE.[3] Asimismo, el 20 de octubre de 2011 compareció ante este Foro la parte recurrida, Juan Cortés Lugo y otros, por conducto de su representación legal y solicitó se le concediera una prórroga de diez (10) días para contestar el escrito en oposición presentado por la JCA.[4]

Así las cosas, el 8 de noviembre de 2011, diecinueve (19) días después que la parte solicitara prórroga para contestar el escrito de la JCA y veintiséis (26) días después que la

---

[2] Moción solicitando prórroga suscrita por el licenciado Pedro J. Saade Llórens el 13 de octubre de 2011.

[3] Nótese que, hasta ese momento, a las partes peticionarias se les permitió presentar su alegato y una réplica al alegato de las partes recurridas.

[4] Quien verdaderamente es parte en el pleito ante nuestra consideración es Juan Cortés Lugo y otros, no Justo Lozada. Sin embargo la sección ambiental de la Clínica de Asistencia Legal representa a Juan Cortés. No es difícil colegir que el error en la comparecencia de la parte no era más que una inadvertencia de la representación legal de Juan Cortés Lugo y otros.

parte solicitara prórroga para contestar el escrito de la AEE, la mayoría de este Tribunal sostiene que procede declarar no ha lugar la moción presentada por Justo Lozada Sánchez y otros porque, aunque se presentó a tiempo, éste no es parte en el caso; sin embargo no se menciona el hecho de que la JCA notificó a Justo Lozada Sánchez en lugar de notificar a Juan Cortés Lugo; más importante aún, tampoco se dice que quien compareció fue la Clínica de Asistencia Legal de la Universidad de Puerto Rico, institución a cargo de la representación legal de Juan Cortés Lugo. Por lo cual debe, obligatoriamente, colegirse que esto se debió a una confusión o inadvertencia que a todas luces debe ser excusable.

La mayoría entiende que "un simple cálculo aritmético demuestra que [la moción presentada el 20 de octubre] fue presentada a destiempo". Véase, Resolución de 8 de noviembre de 2011. No obstante, no toma en consideración, siquiera, la alegación de la parte recurrida sobre que conoció del escrito el 19 de octubre de 2011.

No existe duda sobre que el caso de referencia es uno extenso y complejo. También se desprende del expediente que al consolidarse los tres casos ante el Tribunal de Apelaciones se mantuvo un epígrafe donde Justo Lozada Sánchez era el primer nombre en el mismo; lo mismo se hizo ante este Foro. Tampoco hay dubitaciones sobre que la JCA notificó sus escritos y mociones al señor Justo Lozada Sánchez en lugar de Juan Cortés Lugo, aunque sí a su representación legal y que esto pudo causar confusión entre las partes. Del mismo modo,

se desprende del expediente que tanto la Sección Ambiental de la Clínica de Asistencia Legal de la Universidad de Puerto Rico, dirigida por el licenciado Pedro Saadé LLórens, como el licenciado Luis José Torres Asencio, participante del Programa de Práctica Compensada de Servicios Legales de Puerto Rico, representaron ante el foro intermedio y ante esta Curia, a Juan Cortés Lugo y otros y no a Justo Lozada y otros.

## II.

Los derechos afectados en el recurso ante nuestra consideración son de la más alta jerarquía. La cercanía del gasoducto "Vía Verde" a las viviendas de los demandantes, sumado a la posibilidad de ser expropiados, amerita que consideremos los recursos presentados de manera sosegada y que escuchemos todos los planteamientos de las partes. Actualmente, no existen órdenes de paralización y el proyecto transcurre normalmente. Siendo esto así nada nos impide que recibamos la dúplica de la parte recurrida y por tanto contar con un expediente más completo e informado.

Debemos recordar que el Reglamento de este Tribunal en su regla 39 (d) dispone que "[c]ualquier parte que desee expresarse a favor o en contra de una moción que solicite algún remedio deberá hacerlo dentro de los diez (10) días de la notificación antes dicha". No obstante, dicho término no es jurisdiccional. Anteriormente hemos señalado que "[l]a discreción es el más poderoso instrumento reservado a los jueces". *Banco Metropolitano v. Berríos*, 110 D.P.R. 721 (1981). Además hemos dispuesto que "la discreción es una

forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Banco Popular de P.R. v. Municipio de Aguadilla*, 114 D.P.R. 651 (1997). Más aún, en *León v. Tropical*, dijimos que "[n]uestro deber principal es impartir justicia y no dejarnos llevar por tecnicismos". 154 D.P.R. 249 (2001), en la pág. 259. En aquel entonces estaba ante nuestra consideración si un error en el epígrafe del emplazamiento viciaba la notificación. Contestamos en la negativa y agregamos que era meritorio un acercamiento menos formalista por ser este último el más justo. *Véase*, *León v. El Tropical*, supra, en la pág. 258.

Por todo lo anterior y por tratarse de un error no substancial en el nombre de la parte compareciente, provocado por, entre otras cosas, el epígrafe del recurso, las notificaciones de la JCA y la complejidad de la controversia, proveería ha lugar a la moción presentada el 13 de octubre solicitando prórroga para contestar el escrito presentado por la AEE titulado "Oposición al Alegato de las Partes Recurridas". De igual manera, tomando en consideración que la Clínica de Asistencia Legal advino en conocimiento del escrito presentado por la JCA el 19 de octubre de 2011 proveería ha lugar a la solicitud de prórroga presentada el 20 de octubre para contestar el escrito titulado "Réplica del Alegato de las Partes Recurridas". No hacerlo así equivaldría a privar a una parte de su derecho a ser escuchada y a esta Curia de contar con todos los elementos de juicio necesarios. Como señalara el filósofo griego en su *opus prima*, La República, la justicia es

dar a cada uno lo debido.  En este caso, no hay duda, que lo debido es permitirle a Juan Cortés Lugo y otros presentar su escrito en dúplica de la réplica presentada por la parte peticionaria.


                              Anabelle Rodríguez Rodríguez
                                    Juez Asociada