Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| SUCESIÓN PADILLA AYALA COMPUESTA POR JOSÉ LUIS, RAMÓN, NÉLIDA, MARIANO, CARMEN DELIA y ESPERANZA, TODOS DE APELLIDO PADILLA AYALA<br><br>Apelada<br><br>v.<br><br>AIDA NEVÁREZ, NILSA NEGRÓN RAMOS, ALVIN NEGRÓN RAMOS, DENISE NEGRÓN RAMOS, JUAN C. NEGRÓN FEBO Y JOHN NEGRÓN CÓRDOVA, demandados como miembros de la Sucesión de Juan Negrón Díaz; VÍCTOR MANUEL NEGRÓN DÍAZ, SU ESPOSA SOFÍA RODRÍGUEZ COLÓN y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS; MIRIAM NEGRÓN CÓRDOVA, FULANO DE TAL, MENGANO DE TAL , JUAN DEL PUEBLO y JUANA DEL PUEBLO, demandados como miembros de la Sucesión de doña Andrea Ortiz Díaz; **JOSÉ PADILLA LOZADA**; WILLIAM TORRES RAMÍREZ, SU ESPOSA FULANA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR ELLOS<br><br>Apelante | KLAN202400118 | Apelación Procedente del Tribunal de Primera Instancia, Sala de BAYAMÓN<br><br>Caso Núm.:<br>D AC2013-2547<br><br>Sobre:<br>Acción de Reivindicación, Daños y Perjuicios |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

Número Identificador

SEN2024 _____

En San Juan, Puerto Rico, a 16 de abril de 2024.

El 9 de febrero del año en curso, el señor José Padilla Lozada (en adelante el apelante), sometió ante la consideración de este Tribunal de Apelaciones un *Recurso de Apelación,* mediante el cual nos solicita la revisión y revocación de la *Sentencia* dictada y notificada en el caso de epígrafe con fecha del 28 de noviembre de 2023. Por virtud del aludido dictamen, el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI o foro primario), declaró Con Lugar la *Demanda* sobre reivindicación que se instó en su contra y le impuso el pago de $5,000.00 por concepto de honorarios de abogado a favor de la parte apelada.

Frente a dicho dictamen el apelante instó oportunamente una solicitud de reconsideración que fue denegada mediante *Resolución* del 8 de enero de 2024.

Evaluados los argumentos levantados por el apelante, así como aquellos sometidos por la parte apelada en oposición del recurso, por las razones que más adelante explicaremos, resolvemos modificar el dictamen apelado. Veamos.

I

El pleito de epígrafe comenzó con la presentación de una demanda sometida por la Sucesión Padilla Ayala, compuesta por José Luis, Ramón, Nélida, Mariano, Carmen Delia y Esperanza, todos de apellidos Padilla Ayala (en adelante, la parte apelada). Luego de los trámites de rigor, la vista en su fondo se celebró el 27 de marzo de 2023. Durante la misma, y como parte de la prueba testifical de la parte apelada, declaró la Sra. Carmen Delia Padilla Ayala y el Agrimensor Israel Ortega Ortiz, perito. Por su parte, el apelante sometió el testimonio de su perito, el Agrimensor José T. Santiago Díaz.[1]

---

[1] Además, en el juicio se admitió como prueba estipulada los siguientes documentos: **Exhibit 1**- Certificación simple relativa de la finca número 1667 del 19 de diciembre de

Evaluada la prueba, el TPI dictó la *Sentencia* apelada. Así pues, tras consignar las determinaciones de hechos alcanzadas, el foro primario resolvió declarar Con Lugar la Demanda. Al así hacerlo, resolvió como a continuación transcribimos:

> Este tribunal determina que los demandantes son los dueños del predio de terreno que motiva la presente acción reivindicatoria, y que en el Plano de Mensura y Segregación los demandados la identificaron con servidumbre de paso, apropiándose de la misma.
>
> El predio de terreno en controversia pertenece a la finca de los demandantes quienes fueron desprovistos de su posesión durante más de diez años.
>
> Los demandantes se vieron en la obligación y necesidad de contratar representación legal por un prolongado periodo de tiempo lo que les ocasionó, gastos, contratiempos y daños, todo como consecuencia de los actos culposos, mal intencionados y negligentes de los demandados.
>
> Evaluados los hechos y todas las circunstancias el tribunal declara CON LUGAR la demanda de autos. No se dispone cantidad de dinero en concepto de daños como justa compensación a ser pagada por los demandados, de manera solidaria a favor de los demandantes, puesto que no se pasó prueba al respecto que pusiera en condiciones para realizar dicha otorgación. Además, se impone a favor de los demandantes la cantidad de $5,000.00 por concepto de honorarios de abogado.

En desacuerdo con lo resuelto, el apelante sometió ante el TPI una *Moción solicitando reconsideración*. Esta fue denegada mediante *Resolución* del 8 de enero de 2024, notificada el día 12. Inconforme aun, este acudió ante nos a señalar que el foro primario se equivocó al conceder la demanda y al imponerle el pago de $5,000.00 en concepto de honorarios de abogado,

---

2012, inscripción primera; **Exhibit 2**- Plano de mensura de una parcela de terreno propiedad de Don José Ayala Negrón, preparado por el Agrimensor Miguel A. Soler Miró el 15 de diciembre de 1946; **Exhibit 3**- Escritura número 242 de compraventa del 23 de junio de 1961 otorgada ante el Notario Público Vicente Hita, Jr.; **Exhibit 4**- Certificación relativa a la finca número 1667 del 16 de agosto de 2012; **Exhibit 5**, *Resolución* del 8 de noviembre de 2005, emitida en el caso Civil número CD2005-0465 sobre Declaratoria de Herederos; **Exhibit 6-** *Resolución* del 17 de junio de 2011, emitida en el caso Número CD2011-0571 sobre Declaratoria de Herederos; **Exhibit 7**- Plano de mensura, segregación e inscripción de 1 de julio de 2009 preparado por el Agrimensor William Torres Ramírez; **Exhibit 8**- Aprobación de plano de inscripción para proyectos de lotificación simple de 15 de julio de 2009, emitida por ARPE; **Exhibit 9**- Escritura número 29 de Compraventa otorgada el 31 de mayo de 2012 ante el Notario Público Carlos J. Pérez Rivera; **Exhibit 10**- Plano de rectificación de mensura preparado por Israel Ortega Ortiz; **Exhibit 11-** Plano para la localización de servidumbre de paso y colindancia común entre finca propiedad de José Padilla y solares número 3 y 4 del 14 de mayo de 2021, firmado y sellado por el Agrimensor José T. Santiago Díaz; **Exhibit 12**, *Currículum Vitae* del perito de los demandados José T. Santiago Díaz. También se admitió como evidencia del apelante el Informe pericial de su perito.

cuando es cliente de Servicios Legales de Puerto Rico, Inc y no incurrió en temeridad o frivolidad.

Recibido y atendido el recurso, el 13 de febrero de este año le concedimos a la parte apelada término para que compareciera ante este tribunal y se expresara. En cumplimiento con ello, el 14 de marzo de 2024, sometió *Oposición a Apelación*. Así pues, con el beneficio de las partes, damos por sometido el asunto y nos aprestamos a resolver las controversias traídas a nuestra atención.

II

-A-

Es sabido que la tarea principal de los tribunales apelativos es examinar cómo los tribunales inferiores aplican el derecho a los hechos particulares de cada caso. El desempeño de esta función revisora se basa en que el Tribunal de Primera Instancia haya desarrollado un expediente completo que incluya los hechos que haya determinado ciertos según la prueba que le fue presentada. Dávila Nieves v. Meléndez Marín, 187 DPR 750 (2013). Así pues, la Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, establece que las determinaciones de hechos que toma el foro primario a base de testimonio oral, "no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de las personas testigos". De igual manera, la Regla 110 de Evidencia, 32 LPRA Ap. VI dispone que, "será el juzgador de hechos quien deberá evaluar la prueba presentada con el propósito de determinar cuáles hechos fueron establecidos o demostrados".

Por razón de lo consignado en el párrafo anterior, es norma reiterada que cuando se le solicita a un foro apelativo que revise cuestiones de hechos, la apreciación de la prueba, en primera instancia, le corresponde al tribunal sentenciador ya que estos tienen la oportunidad de observar y oír

a los testigos, y por ello, están en mejor posición de evaluarla. Pueblo v. Acevedo Estrada, 150 DPR 84, 98-99 (2000); López Vicil v. ITT Intermedia, Inc., 142 DPR 857, 865 (1997). En ese sentido, la evaluación del foro sentenciador merece respeto y deferencia. González Hernández v. González Hernández, 181 DPR 746, 776 (2011).

Asimismo, es norma fundamental hartamente conocida que, en nuestro ordenamiento jurídico, salvo evidencia de pasión, prejuicio, parcialidad o error manifiesto los foros revisores no intervendrán con la apreciación de la prueba, la adjudicación de credibilidad o la formulación de determinaciones de hechos por parte del Tribunal de Primera Instancia. TEC General Contractors v. AEE et als., 210 DPR 632 (2022), citando a Santiago Ortiz v. Real Legacy et al., 206 DPR 194, 219 (2021); Santiago Montañez v. Fresenius Medical, 195 DPR 476, 490 (2016); Dávila Nieves v. Meléndez Marín, *supra*. Cónsono con ello, por lo general, "los tribunales apelativos no intervenimos ni alteramos innecesariamente las determinaciones de hechos que hayan formulado los tribunales de primera instancia luego de admitir y aquilatar la prueba presentada durante el juicio." Suárez Cáceres v. Com. Estatal Elecciones, 176 DPR 31, 65 (2009).

La tarea de adjudicar credibilidad y determinar lo que realmente ocurrió depende en gran medida de la exposición del juez o la jueza a la prueba presentada, lo cual incluye, entre otros factores, ver el comportamiento del testigo mientras ofrece su testimonio y escuchar su voz. Gómez Márquez et al. v. El Oriental, 203 DPR 783 (2020).[2] De ahí que los tribunales apelativos no intervendremos con la apreciación de la prueba, la adjudicación de credibilidad y las determinaciones de hechos que realizan los tribunales de instancia, a menos que se demuestre que el juzgador actuó movido por pasión, prejuicio o parcialidad o que incurrió en error manifiesto. *Íd.* Cuando la alegación es de pasión, prejuicio o

---

[2] Citando a Dávila Nieves v. Meléndez Marín, *supra*.

parcialidad, los foros apelativos debemos verificar primordialmente si el juez de primera instancia cumplió su función de adjudicar de manera imparcial, pues solo así podremos descansar en sus determinaciones de hechos. *Íd.*

En cambio, el error manifiesto ocurre cuando, de un análisis de la totalidad de la evidencia, el tribunal apelativo queda convencido de que se cometió un error, aunque haya evidencia que sostenga las conclusiones de hecho del Tribunal. *Íd.* Este estándar de revisión restringe nuestra facultad para sustituir el criterio del foro primario a escenarios en que, de la prueba admitida, no exista base suficiente que apoye su determinación. *Íd.* Diferencias de criterio jurídico no alcanzan ese estándar. *Íd.*

-B-

Mediante la acción reivindicatoria, el dueño de una cosa la reclama de quien la tenga o posea. Ramírez Quiñones v. Soto Padilla, 168 DPR 142, 157 (2006).

Los requisitos para presentar una acción reivindicatoria son los siguientes: (1) que el demandante establezca que tiene un derecho de propiedad sobre la cosa que reclama (o sea, probar el derecho de dominio); (2) que la acción se dirija contra quien tenga la cosa en su posesión; (3) que no concurra ningún derecho del demandado que justifique su pretensión de retener la cosa frente al propietario; y (4) que se identifique, de manera precisa y clara, dicho objeto. José Puig Brutau, Fundamentos de Derecho Civil, Tomo III, Vol. 1, 4ta Ed., Bosch, Casa Editorial S.A., Barcelona (1994); Ramírez Quiñones v. Soto Padilla, *supra* a la pág. 158; Pérez Cruz v. Fernández, 101 DPR 365, 374 (1973). Así hecho, corresponde al demandado señalar y probar su mejor título. Ramírez Quiñones v. Soto Padilla, *supra*.

-C-

Conforme ha sido resuelto, "la equidad implica más una justicia estrictamente legal, **una justicia de tipo natural y moral**." Rodríguez v.

Pérez, 161 DPR 637, 650 (2004), citando a Castán Tobeñas, *Derecho Civil Español, Común y Floral*, 10ma ed., Madrid, Editorial Reus S.A., 1962, Tomo 1, Vol. 1, p. 373. Así pues, la equidad remite al juzgador a un proceso adjudicativo en busca de la recta razón y de la médula racional y moral del Derecho. *Id.*, citando a Cruz Cruz v. Irizarry Tirado, 107 DPR 655 (1978).

Al final de cuenta, como ha sido reconocido, "[e]l más poderoso instrumento para hacer justicia reservado a los jueces es la discreción. La equidad nació precisamente de la necesidad de atemperar el rigor de la norma mediante recurso a la conciencia del juzgador." Id., citando a Banco Metropolitano v. Berríos, 110 DPR 721 (1981).

III

Por medio de la discusión de su primer señalamiento de error, en síntesis, el apelante impugna la apreciación de la prueba efectuada en el caso por el juzgador de hechos. Así, con tal propósito, primero asevera que la acción reivindicatoria de autos no procedía, ya que utilizaba los terrenos de su propiedad con la autorización de una agencia y como adquiriente de buena fe con justo título. Luego, argumenta que el testimonio del perito de la parte apelada contuvo varias incongruencias que no se apoyan en la prueba. Afirmativamente, plantea que, durante el testimonio de su perito, este concluyó conforme a la prueba que la edificación y utilidades instaladas están ubicadas en terrenos de los demandados. Destaca también que tal declaración no fue refutada y sugirió que la metodología y documentación utilizada por su perito era mayor y por consiguiente, su conclusión fue más confiable.

Por otro lado, al discutir su segundo señalamiento de error- si bien reconoce la discreción que tiene el TPI para la imposición de honorarios de abogado por frivolidad- el apelante reclama que, siendo un litigante indigente, la imposición de honorarios de abogados en su contra es contraria a la intención legislativa de la Ley 122 del 9 de junio de 1967, *Ley*

*para eximir de toda clase de aranceles a la Corporación de Servicios Legales de Puerto rico y otras Entidades Análogas*. Ello así, toda vez que para asumir la representación legal del apelante este pasó por proceso evaluativo y ante la concesión de esta quedó acreditado su estado de indigencia. Por tanto, la imposición de honorarios de abogado en favor de la parte apelada y en contra de una persona que por su condición de indigencia recibió representación legal gratuita es contradictoria. Asimismo, niega haber actuado frívolamente, por lo que rechaza la procedencia de los honorarios de abogado impuestos.

La parte apelada por su parte, al defender la determinación apelada, afirma que contrario a lo argüido por el apelante, sí se cumplieron los requisitos de una acción reivindicatoria. También, argumenta que la apreciación de la prueba fue una adecuada pues presentó de manera convincente e inequívoca la prueba de los terrenos que le fueron arrebatados como consecuencia del plano de mensura y segregación aprobados al apelante. Afirma que en el caso no hay duda alguna en cuanto a que las configuraciones geométricas de la parte norte de su finca no coinciden con la configuración geométrica de la parte sur de la propiedad del apelante. Señala pues, que tanto del plano del 15 de diciembre de 1946 (Exhibit 2), como del plano de segregación, puede observarse que la colindancia norte de su propiedad está constituida en líneas rectas, mientras que la colindancia sur del plano del apelante, se representa en línea curva. Apunta que la curvatura reflejada en el plano del apelante no tiene explicación pues el co-demandado William Torres Ramírez, quien lo preparó, no compareció a la vista en su fondo a defenderlo. En cuanto al segundo señalamiento de error, la parte apelada informa no tener interés en reclamar los honorarios de abogado impuestos por el Tribunal de Primera Instancia al apelante, más no renuncia a así reclamarlos al resto de los demandados.

Expuestos los distintos argumentos sometidos por las partes en cuanto al primer señalamiento de error, luego de evaluar el legajo apelativo y leer la transcripción del Juicio en su Fondo incluida como parte del apéndice, no encontramos razones por las que debamos intervenir con la apreciación de la prueba efectuada por el foro primario, así como el valor probatorio que el TPI concedió a esta.

Dada la norma de deferencia discutida en el inciso II de esta *Sentencia*, el apelante es la parte encargada de señalar y demostrar la base para la intervención apelativa. S.L.G. Rivera Carrasquillo v. A.A.A., 177 DPR 345, 356 (2009), citando a Pueblo v. Cabán Torres, 117 DPR 645, 648 (1986). Los distintos argumentos que el apelante levanta al reclamar nuestra intervención con la apreciación de la prueba realizada por el foro primario se centran en atacar el valor probatorio que el juzgador de los hechos le asignó a la evidencia documental y testifical sometida por las partes. Aunque a tales fines, impugna la confiabilidad del testimonio del testigo de la parte demandada al señalar ciertas incongruencias, ni estos argumentos, ni el resto de los planteados en apelación logra derrotar la deferencia que merece la apreciación efectuada por el TPI en el caso de autos y el valor probatorio que esta le atribuyó a la evidencia documental y testifical desfilada durante el juicio. Menos, cuando las alegadas inconsistencias no se aprecian de las porciones citadas por el apelante con el propósito de atacar los testimonios vertidos. Por esta razón, resolvemos confirmar la determinación judicial alcanzada en el caso de autos.

Ahora, en cuanto a la imposición de honorarios de abogados señalada como segundo error, si bien la parte apelada al comparecer ante este Tribunal asevera no tener interés alguno en perseguir contra el apelante el pago de los honorarios de abogado impuestos en la sentencia, estimamos que las circunstancias particulares del presente caso exigen una determinación judicial que le proteja. Ello así, toda vez que como bien

señala el apelante en su recurso, durante el trámite del pleito fue representado por Corporación de Servicios Legales de Puerto Rico debido a que por su precaria situación económica no cuenta con los recursos suficientes para sufragarla. Habiéndose constatado su indigencia mediante el correspondiente proceso interno por la entidad de servicios legales, queda claro que el apelante no cuenta con los recursos económicos para poder responder por los honorarios de abogado impuestos. Por esta razón, amparándonos en el principio de equidad, modificamos el dictamen a los efectos de relevar al apelante del pago de $5,000.00 por concepto de honorarios.[3]

IV

Por las razones aquí consignadas, modificamos la *Sentencia* dictada y notificada en el caso de epígrafe con fecha del 28 de noviembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Bayamón, a los fines de relevar al Sr. José Padilla Lozada del pago de $5,000.00 por concepto de honorarios allí impuesto. Así modificada, se confirma.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] El relevo del pago de la partida impuesta por honorarios de abogado resuelta hoy en favor del apelante de ninguna manera debe entenderse como que dicha partida ha sido eliminada. Por el contrario, la misma podrá ser recuperada por la parte apelada contra los demás codemandados, quienes conforme la propio *Sentencia* señala, no comparecieron al juicio pese a haber sido citados- aunque sí su abogado- o porque durante el trámite les anotó la rebeldía por no haber comparecido a defenderse pese a haber sido emplazados.