ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br>v.<br><br>**ALCIDY MALDONADO SANTANA**<br><br>Peticionario | KLCE202500576 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Arecibo**<br><br>Criminal Núm.: **C BD2017G0134**<br><br>Sobre: Art. 190 Robo Agravado |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de julio de 2025.

Comparece ante nos, *in forma pauperis* y por derecho propio,[1] el señor Alcidy Maldonado Santana (Sr. Maldonado Santana o peticionario) mediante un recurso de *certiorari* en el que solicita que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI), el 15 de abril de 2025.[2] Por medio de dicho dictamen, el foro primario declaró No Ha Lugar una *Moción al Amparo de la Regla 192.1 de Procedimiento Criminal* presentada por el Sr. Maldonado Santana el 11 de marzo de 2025.[3]

El 30 de junio de 2025, el Ministerio Público radicó un *Escrito en Cumplimiento de Orden*.

---

[1] El 11 de julio de 2025 el Sr. Maldonado Santana radicó una Moción cumpliendo con nuestra resolución emitida el 24 de junio de 2025 a los efectos de presentar el formulario de indigencia cumplimentado en todas sus partes. En su consecuencia, se autoriza su comparecencia *in forma pauperis* y por derecho propio.

[2] Apéndice del recurso de *certiorari*, Anejo 1. Notificada y archivada en autos el 15 de abril de 2025.

[3] *Íd.*, Anejo 2.

Número Identificador
RES2025 _____

Adelantamos que, por los fundamentos que exponemos a continuación, denegamos expedir el recurso de *certiorari*.

## I.

El caso de marras tiene su génesis el 11 de marzo de 2025 cuando el Sr. Maldonado Santana presentó una *Moción al Amparo de la Regla 192.1 de Procedimiento Criminal*. En esta, señaló que el Ministerio Público no presentó prueba que estableciera todos los elementos del delito que contempla el Artículo 5.04 de la Ley de Armas de Puerto Rico, Ley Núm. 104 del 11 de septiembre de 2000, según enmendada, 25 LPRA sec. 458c. Argumentó que el Ministerio Público no probó más allá de duda razonable el delito de portación y uso de armas de fuego sin licencia, ya que no desfiló prueba sobre los elementos del delito y se valió de la presunción de falta de licencia adoptada en *Pueblo v. Pacheco Ruiz*, 78 DPR 547 (1955), la cual fue revocada por el Tribunal Supremo en *Pueblo v. Meléndez Monserrate*, 214 DPR 547 (2024). Por tal razón, el Sr. Maldonado Santana alegó que se violentó su derecho constitucional a la presunción de inocencia y al debido proceso de ley. En su consecuencia, solicitó del foro primario que lo declarara no culpable por las infracciones al Artículo 5.04 de la Ley de Armas de Puerto Rico, *supra*, y enmendara la sentencia de conformidad con la Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, R. 192.1.

Posteriormente, el 15 de abril de 2025, notificada el mismo día, el Tribunal de Primera Instancia emitió una *Resolución*. Mediante esta, resolvió que los argumentos del Sr. Maldonado Santana debieron dilucidarse mediante una apelación del juicio y no bajo la Regla 192.1 de Procedimiento Criminal, *supra,* R 192.1. Señaló que el Sr. Maldonado Santana desistió voluntariamente de la apelación de su convicción en el juicio, por lo que el Tribunal de Apelaciones dictó sentencia por desistimiento voluntario. Ante tales circunstancias, el foro primario declaró No Ha Lugar a la *Moción al*

*Amparo de la Regla 192.1 de Procedimiento Criminal* presentada por el Sr. Maldonado Santana el 11 de marzo de 2025.

Inconforme, el 30 de abril de 2025, el Sr. Maldonado Santana presentó el recurso de *certiorari* ante nos y planteó el siguiente señalamiento de error:

> **ERR[Ó] LA HONORABLE JUEZ GLENDALIZ MORALES CORREA AL DECLARAR NO HA LUGAR LA MOCIÓN AL AMPARO DE LA REGLA 192.1 BAJO UNOS FUNDAMENTOS QUE NO GUARDAN RELACI[Ó]N CON LA PETICIÓN PUES EL PETICIONARIO INCLUY[Ó] TODOS LOS FUNDAMENTOS.**

En síntesis, sostuvo que su moción presentaba los fundamentos necesarios para atacar colateralmente la validez de la sentencia. En específico, alegó como fundamento que el Ministerio Público no presentó prueba que estableciera todos los elementos del delito que contempla el Artículo 5.04 de la Ley de Armas de Puerto Rico, *supra.* Asimismo, argumentó que el Ministerio Público se valió de la presunción de falta de licencia adoptada en *Pueblo v. Pacheco Ruiz, supra*, la cual fue revocada por el Tribunal Supremo en *Pueblo v. Meléndez Monserrate, supra.*

Por su parte, el Ministerio Público presentó un *Escrito en Cumplimiento de Orden* el 30 de junio de 2025. Adujo que en la medida en que la moción presentada por el Sr. Maldonado Santana versaba sobre cuestiones de hecho, la misma se debía denegar. Además, sostuvo que una moción al amparo de la Regla 192.1 de Procedimiento Criminal, *supra*, R. 192.1 no es el mecanismo para que el Sr. Maldonado Santana cuestione si su culpabilidad se probó más allá de duda razonable, a base de la prueba presentada en el juicio. Esto debido a que el recurso permitido por dicha Regla no puede ser utilizado como un sustituto de la apelación, el cual es el mecanismo adecuado para solicitar que se corrijan los errores que se hayan cometido en el juicio. Asimismo, señaló que el Sr.

Maldonado Santana presentó una apelación, no obstante, desistió de la misma.

## II.

## A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del Tribunal. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *800 Ponce de León, Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 174-175 (2020). Con el fin de poder ejercer dicha facultad discrecional de forma prudente, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, instituye los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*; estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ello impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro

de instancia. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que este foro superior se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008).

Asimismo, la discreción es el instrumento más poderoso reservado a los jueces y las juezas. *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981). Es también aquella facultad que tiene un tribunal de justicia para resolver o de escoger entre varios cursos de acción. *Citibank v. ACBI*, 200 DPR 724, 735 (2018). En ese sentido, es " 'una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera' ". *Citibank v. ACBI*, *supra*, pág. 735 (*citando a Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016)). Por ende, el Tribunal de Apelaciones no interviene "con determinaciones emitidas por el foro primario y sustitu[ye] el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto". *Citibank v. ACBI*, *supra*, pág. 726 (Énfasis en el original eliminado); véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).

**B.**

Por su parte, la Regla 192.1 de Procedimiento Criminal, 32 LPRA Ap. II, R. 192.1, establece que cualquier persona que se halle detenida en virtud de una sentencia dictada por cualquier sala del Tribunal de Primera Instancia y que alegue el derecho a ser puesta en libertad por cualquiera de los fundamentos especificados en la misma Regla, podrá solicitar a la sala del tribunal que impuso la sentencia que la anule, deje sin efecto o la corrija. El confinado podrá reclamar su libertad cuando: la sentencia fue impuesta en violación de la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o de los Estados Unidos; cuando el tribunal no tenía

jurisdicción para imponer dicha sentencia; si la sentencia impuesta excede de la pena prescrita por la ley; o si la sentencia está sujeta a ataque colateral por cualquier motivo.

Una moción al amparo de la antes aludida Regla, podrá presentarse ante el foro sentenciador en cualquier momento después de dictada la sentencia, incluso cuando esta haya advenido final y firme. *Pueblo v. Pérez Adorno,* 178 DPR 946, 965 (2010). La Regla exige que se incluyan en la petición todos los fundamentos que tenga el confinado para solicitar el remedio provisto en ella. De lo contrario, se considerarán renunciados los fundamentos excluidos de la moción, salvo que el tribunal determine que estos no pudieron presentarse en la moción original. En una impugnación bajo esta Regla, el asunto a dirimirse es "si la sentencia impugnada está viciada por un error fundamental que contradice la noción más básica y elemental de lo que constituye un procedimiento justo" *Pueblo v. Pérez Adorno, supra.*

Es importante destacar que el recurso permitido por la Regla 192.1 de Procedimiento Criminal, *supra,* R. 192.1 sólo está disponible cuando la sentencia adolece de un defecto fundamental que conlleva inevitablemente una violación al debido proceso de ley. Por ello, salvo circunstancias excepcionales, no se concederá en sustitución del recurso ordinario de apelación. Igualmente, los fundamentos para revisar una sentencia bajo el discutido mecanismo se limitan a cuestiones de derecho. Este, no podrá utilizarse para examinar cuestiones de hechos que fueron adjudicadas por el foro sentenciador. *Pueblo v. Pérez Adorno, supra.* La culpabilidad o inocencia del convicto no es asunto susceptible de plantearse bajo este procedimiento, sino la cuestión de si la sentencia impugnada está viciada por un error fundamental que contradice la noción más básica y elemental de lo que constituye

un procedimiento criminal justo. *Pueblo v. Román Mártir*, 169 DPR 809 (2007).

El Tribunal de Primera Instancia, al entender sobre una solicitud al amparo de la Regla 192.1 de Procedimiento Criminal, *supra*, R. 192.1, podrá rechazar de plano la misma, si de la faz de la moción presentada no se demuestra que el peticionario tiene un derecho a algún remedio. El peticionario siempre tendrá el peso de la prueba para demostrar que tiene un derecho al remedio solicitado, esto dado a que el procedimiento provisto por la referida Regla es de naturaleza civil, entiéndase separado e independiente del procedimiento criminal que se impugna. *Pueblo v. Román*, 169 DPR 809, 826 (2007). Recordemos también que el remedio extraordinario de la Regla 192.1 de Procedimiento Criminal, *supra*, está inexorablemente atado a la discreción judicial. *Pueblo v. Chévere Heredia*, 139 DPR 1, 23 (1995).

### III.

Luego de un análisis objetivo y cuidadoso del expediente original del TPI y de los escritos apelativos, nos abstenemos de ejercer nuestra función revisora y de intervenir con la determinación del foro *a quo*. El Sr. Maldonado Santana falló en demostrar que el TPI abusó de su discreción e incurrió en error manifiesto. De igual modo, del expediente no surge ninguna de las otras instancias de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, que ameriten que expidamos el auto de *certiorari*.

### IV.

Por las razones discutidas anteriormente, denegamos la expedición del recurso de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones