Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| ROBERTO AYALA VÁZQUEZ <br><br> *Peticionario* <br><br><br> v. <br><br><br> BANCO POPULAR DE PUERTO RICO Y OTROS <br><br> *Recurrido* | TA2025CE00881 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón <br><br> Caso Núm.: BY2025CV04717 <br><br><br> Sobre: Sentencia Declaratoria |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de enero de 2026.

Comparece ante nos, el señor Roberto Ayala Vázquez (señor Ayala Vázquez o peticionario) mediante *Certiorari* y solicita que revoquemos la *Orden*[1] emitida el 25 de noviembre de 2025[2] por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro recurrido). Mediante el referido dictamen, el TPI declaró *No Ha Lugar* la *Moción Reiterando Solicitud de Emplazamiento por Edicto*[3] presentada por el peticionario.

Por los fundamentos expuestos a continuación, **denegamos** el auto de *certiorari.*

### I.

El caso de autos tuvo su génesis el 9 de septiembre de 2025, cuando el señor Ayala Vázquez instó una *Demanda*[4] sobre sentencia declaratoria contra Banco Popular de Puerto Rico y otros (BPPR o recurrido). En síntesis, el peticionario solicitó al TPI que lo declarara único dueño de las cuentas números 450-588659 y 450-403983 en

---

[1] Apéndice 13 del *Recurso de Certiorari.*
[2] Notificada el 26 de noviembre de 2025.
[3] Apéndice 12 del *Recurso de Certiorari.*
[4] Apéndice 1 del *Recurso de Certiorari.*

el BPPR, donde él y su difunto hermano, Jorge Manuel Ayala Vázquez (señor Jorge Manuel), eran los cofirmantes. En la referida demanda, también se incluyeron a los herederos del señor Jorge Manuel, entre los cuales se encontraban sus sobrinos, el señor Christian Bedel Cardona Ayala (señor Cardona Ayala) y la señora Melisse Cardona Ayala (señora Cardona Ayala). Por estos últimos residir en los Estados Unidos y, alegadamente, el peticionario tener conocimiento sobre sus direcciones, solicitó que se expidiera emplazamiento por edictos[5].

Luego de que el peticionario presentara una *Moción Reiterando Solicitud Emplazamiento por Edicto*[6], el 8 de octubre de 2025[7], el foro recurrido emitió una *Orden*[8] en la cual declaró *No Ha Lugar* tal solicitud. Inconforme con el dictamen, el señor Ayala Vázquez presentó *Moción en Reconsideración*[9]. En lo específico, arguyó que en el caso de autos no era necesario someter una declaración jurada en apoyo a la solicitud de emplazamiento por edicto para acreditar gestiones realizadas para emplazar personalmente a estos, puesto que residían en Estados Unidos y le constaba la dirección en la cual residían.

Evaluada la reconsideración, el 20 de octubre de 2025, el TPI emitió y notificó una *Resolución*[10] en la cual dictaminó lo siguiente: "**No Ha Lugar**. *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 25 (1993), *Global Gas v. Salaam Realty*, 164 DPR 474,482 (2005)". (Énfasis suplido).

Por su parte, el 24 de noviembre de 2025, el peticionario nuevamente presentó una *Moción Reiterando Solicitud*

---

[5] Apéndice 1 del *Recurso de Certiorari*, *Proyecto Edicto.*
[6] Apéndice 6 del *Recurso de Certiorari*.
[7] Notificada el 9 de octubre de 2025.
[8] Apéndice 7 del *Recurso de Certiorari*.
[9] Apéndice 8 del *Recurso de Certiorari*.
[10] Apéndice 9 del *Recurso de Certiorari*.

*Emplazamiento por Edicto* acompañada de una *Declaración Jurada*[11]. En lo pertinente, detalló lo siguiente:

> [...]
>
> 3. **<u>Que a mi mejor entender</u>** la última dirección conocida de los codemandados Christian Bedel Cardona Ayala y Melisse Cardona de Ayala es 1936 Egret Meadows Avenue Kissimmee, Florida 34744. (Énfasis nuestro).
>
> [...]

Así las cosas, el 25 de noviembre de 2025[12], el foro recurrido emitió una *Orden* en la cual declaró *No Ha Lugar* la *Moción Reiterando Solicitud Emplazamiento por Edicto* presentada por el peticionario. Asimismo, dispuso lo siguiente:

> Declaración Jurada anejada a moción, de fecha 3 de noviembre de 2025, y suscrita por el Sr. Ayala Vázquez; y que esboza que "a mi mejor entender la última dirección conocida de los codemandados..."; no cumple con las exigencias de gestiones que demanda la Regla 4.6 de las de Procedimiento Civil (2009), y normas de esfuerzos vigorosos para citar al demandado según el Honorable Tribunal Supremo de Puerto Rico esbozó en Reyes v. Oriental Fed. Savs. Bank, 133 DPR 15 (1993), Global v. Salaam, 164 DPR 474, (2005); y reiterados en Sánchez Ruiz v. Higuera Pérez, 2020TSPR11[13].

Inconforme aun, el 10 de diciembre de 2025, el señor Ayala Vázquez, acudió ante este foro intermedio y le imputó al TPI la comisión del siguiente error:

> Err[ó] el TPI al negarse a expedir los emplazamientos por edicto en las circunstancias de este caso.

Mediante *Resolución* emitida el 12 de diciembre de 2025[14], concedimos al recurrido hasta el 12 de enero de 2026 para que presentara su alegato en oposición. Transcurrido en exceso dicho término sin que el recurrido presentara su alegato, damos por perfeccionado el recurso y procedemos a resolver sin el beneficio de su comparecencia.

---

[11] Apéndice 12 del *Recurso de Certiorar*i, *DJ Emplazamiento por Edicto*.
[12] Notificada el 26 de noviembre de 2025.
[13] *Íd.*
[14] Notificada en igual fecha.

## II.

### -A-

El auto de *certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de Procedimiento Civil[15] y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones[16]. Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto[17]. Esta norma de deferencia también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo[18].

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia[19]. No obstante, la Regla 52.1 de Procedimiento Civil, *supra*, faculta nuestra intervención en situaciones determinadas por la norma procesal. En específico establece que:

> [...] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá

---

[15] 32 LPRA Ap. V, R. 52.1.

[16] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025).

[17] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).

[18] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

[19] *García v. Padró*, 165 DPR 324, 334-335 (2005*); Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 180 (1992).

revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión[20].

[...]

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, para dirigir la activación de nuestra jurisdicción discrecional en estos recursos dispone que para expedir un auto de *certiorari*, este Tribunal debe tomar en consideración los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

---

[20] 32 LPRA Ap. V, R. 52.1.

**III.**

En el caso de marras, el peticionario adujo que el TPI incidió al negarse a expedir los emplazamientos por edicto. Toda vez que, la *Declaración Jurada* no cumplió con las exigencias de gestiones que exige la Regla 4.6 de las de Procedimiento Civil, *supra.*

Tras examinar el recurso presentado, los documentos que obran en el expediente y la *Resolución* recurrida, bajo los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, no encontramos razones para intervenir con la determinación del foro primario. Concluimos que la controversia planteada no encuentra acomodo en ninguna de las instancias enumeradas en la referida Regla.

A la luz de la norma jurídica antes esbozada, no identificamos que el foro primario actuara con parcialidad, que incurriera en abuso de discreción o emitiera un dictamen contrario a derecho. Por tanto, al amparo de los criterios que guían nuestra discreción, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. En consecuencia, denegamos el auto de *certiorari* solicitado por el señor Ayala Vázquez.

**IV.**

Por los fundamentos que anteceden, ***denegamos*** el auto de *certiorari* solicitado.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones